WILLIAM BILLY LYNCH v. D. H. RICKETTS ET AL

No. A-6599. Decided June 4, 1958.
(314 S.W. 2d Series 273)

488

*Kelly, Morris & Walker* and *Jearl Walker,* of Fort Worth, for petitioner.

The court of civil Appeals erred in holding that there was no evidence of probative force to show that Mrs. Ricketts failure to keep a proper lookout was a proximate cause of the accident as found by the jury. Burt v. Lochausen, 151 Texas 289, 249 S.W. 2d 199; Sanders v. Harder, 148 Texas 593, 227 S.W. 2d 206; Hall v. Medical Bldg. of Houston, 151 Texas 425, 251 S.W. 2d 497.

*Samuels, Brown, Herman Scott & Young* and *Ardell M. Young,* all of Fort Worth, for respondent.

MR. JUSTICE WALKER delivered the opinion of the Court.

The controlling question in this case is whether there is any evidence to support jury findings that an intersectional automobile collision was proximately caused by the failure of Mrs. Emily Ricketts, who was the driver of one of the vehicles, to keep a proper lookout. Mrs. Ricketts lost her life in the accident and her minor dauhter, Barbara, sustained personal injuries. D. H. Ricketts and his four minor children, plaintiffs, brought the suit against William Billy Lynch, defendant, the driver of the other vehicle, to recover damages for the death of Mrs. Ricketts and for the injuries received by Barbara.

The jury found that the defendant was driving at a negligent rate of speed and in excess of 30 miles per hour and failed to maintain a proper lookout, and that each such act and omission was a proximate cause of the collision. Special Issues Nos. 7 and 8, which inquired whether the collision was proximately caused by Mrs. Ricketts' failure to keep a proper lookout, were also answered in the affirmative. There were further findings that immediately prior to the collision Mrs. Ricketts was driving at a speed of 7½ miles per hour, which was not negligent, and could not have applied her brakes sufficiently and in time to avoid the accident; that defendant did not have the right of way and was not acting under an emergency; and that the collision was not the result of an unavoidable accident. Barbara was awarded $2,000.00 for her injuries, and plaintiffs' damages for the death of Mrs. Ricketts were fixed at $13,000.00 plus certain expenses.

Plaintiff's motion to disregard the jury's answers to Issues Nos. 7 and 8 on the ground that they had no support in the evidence was granted by the trial court, and judgment was entered in their favor for the full amount of the verdict. The Court of Civil Appeals affirmed. 306 S.W. 2d 410. It is our

opinion that the issues in question are raised by the evidence and that the trial court erred in disregarding the jury's answers thereto.

We shall first notice the facts and circumstances which may be regarded as established by the evidence. The collision occurred about 7:45 o'clock a.m. at the right-angle intersection of Eighth Avenue and West Arlington Street in Fort Worth. The weather was clear and the pavement dry. Eighth Avenue, which is a heavily traveled, through street, runs in a northerly and southerly and the pavement dry. Eighth Avenue, which is a heavily traveled, through street, runs in a northerly and southerly direction and is 36 feet wide. Arlington Street extends in an easterly direction from Eighth and is 28 feet in width. The westward extension of Arlington beyond Eighth Avenue is known as Windsor Place.

Respondent was driving his Oldsmobile 98 automobile in a southerly direction on Eighth Avenue while Mrs. Ricketts approached the intersection from the east on Arlington, driving a Packard automobile with Barbara riding as a passenger on the front seat. There is a stop sign near the northeast corner of the intersection which controls vehicles entering or crossing Eighth from Arlington, and Mrs. Ricketts stopped for a short time at the sign. While they were there, Barbara saw defendant's car approaching at a point some 531 feet north of the intersection. Two automobiles going north and two going south on Eighth passed through the intersection, and another vehicle which had been driving south on Eighth made a left turn in front of the Packard and proceeded east on Arlington.

Mrs. Ricketts then drove into the intersection. As she did so, there were several cars approaching from the south and at least two from the north. The leading car to her right, which was blue in color, made a right turn into Windsor Place in front of the Packard. After slowing down to permit the blue car to make its turn, Mrs. Ricketts drove straight forward until the collision occurred.

Defendant testified that as he approached the intersection, a blue car which had been traveling ahead of him and at about the same speed made a right turn into Windsor Place. He first saw the Packard when its front bumper was near the center line of Eighth Avenue and the blue car had just rounded the curve going westward. Although his power brakes were applied fully and immediately, the Oldsmobile skidded forward until its

front end struck the side of the Packard near the right rear wheel.

Just before the Oldsmobile struck her car, Mrs. Ricketts grabbed her daughter's arm and said, "Watch Out, Barbara." The force of the impact caused the Packard to spin around. Both Mrs. Ricketts and Barbara were thrown out of the right front door, and the car came to rest across the south curb of Windsor Place a short distance west of the intersection. The Oldsmobile laid down skid marks 46 feet in length before striking the Packard and then skidded for an additional 36 feet before stopping across the west curb of Eighth Avenue just south of the intersection.

The investigating officer placed the point of impact 7 feet south of the north curb of Arlington Street and 22 feet west of the east curb of Eighth Avenue. Respondent estimated that the blue car was some 20 or 30 feet ahead of him when it made the turn, that he was 40 or 50 feet from the Ricketts automobile when he first saw it, and that only about one foot of the Packard was east of the center line of Eighth Avenue at the moment of impact. From the time he first saw the Packard until the impact, it seemed to be going at about the same speed. He saw nothing to indicate that its brakes were ever applied. Just before the impact, he noticed that Mrs. Ricketts' head was turned to her left. After he had nearly skidded up to her, she turned her head to the west. At that time, according to his testimony, the blue car had "slowed down real slow and she couldn't get across."

Barbara testified that her mother looked in both directions while they were stopped at the sign, but this is not controlling and could have been disregarded by the jury. We also attach no significance to defendant's testimony as to where Mrs. Ricketts was looking just before the impact. Whether or not she was maintaining a proper lookout at that moment is immaterial, because the collision was then inevitable. Plaintiffs say that since the record is completely silent as to where she was looking or the lookout she maintained after leaving the stop sign until just before the impact, it must be presumed that she exercised ordinary care for her own safety during that interval of time. We do not agree.

Before entering and while crossing the heavily traveled, through street, it was Mrs. Ricketts' duty not only to look but to observe in a careful and intelligent manner the traffic and

general situation at and in the vicinity of the intersection, including the speed and proximity of vehicles approaching from either direction. The evidence demonstrates and the jury has found, in effect, that she had the right of way, but this does not excuse her from exercising ordinary care for her own safety. Although not required to anticipate negligent or unlawful conduct on the part of others, she was not entitled to close her eyes to that which was plainly visible and which would have been observed by a person of ordinary prudence similarly situated. De Winne v. Allen, 154 Texas 316, 277 S.W. 2d 95.

■ In a case of this character, standards of ordinary care such as the direction and extent of the observation which Mrs. Ricketts should have made at any particular time cannot be fixed with any degree of certainty but must be left in large measure to the trier of fact. It is well settled, moreover, that negligence and causation, like any other ultimate fact, may be established by circumstantial as well as direct evidence. See English v. Miller, Texas Civ. App., 43 S.W. 2d 642 (wr. ref.) ; Henry v. Publix Theatres Corp., Texas Civ. App., 25 S.W. 2d 695 (wr. ref.). The jury is thus not only the judge of the facts and circumstances proven but may also draw reasonable inferences and deductions from the evidence adduced before it. Its findings may not be disregarded under the provisions of Rule 301,[1] therefore, if the record discloses any evidence of probative value which, with inferences that may be properly drawn therefrom, will reasonably support the same.

From the length of the skid marks made on dry pavement while the Oldsmobile was under full power brakes, the force of the impact which spun the Packard around and threw its occupants out the door, and the distance which the Oldsmobile skidded after the collision, the jury could reasonably infer that the latter vehicle was traveling at a high and dangerous rate of speed when the brakes were applied. There is nothing to suggest any previous increase or decrease in its speed that might have misled one in Mrs. Ricketts' position. While defendant's estimates of his distance from the blue car when it made the turn, and from the Packard when he first saw it, appear to be rather conservative, they clearly support an inference that he was following closely behind the blue car and was in hazardous proximity to the intersection before Mrs. Ricketts crossed into the west traffic lane of Eighth Avenue. This testimony and the other facts and circumstances established by the evidence are

---

[1] Texas Rules of Civil Procedure.

sufficient to enable the jury to reach a conclusion as to how far the Oldsmobile was from the intersection as Mrs. Ricketts entered and was crossing the east traffic lane. It might, for example, have reasonably concluded that defendant was within 200 feet of the intersection when Mrs. Ricketts entered the same and less than half that distance away when she slowed down to permit the blue car to make its turn. Barbara's testimony indicates that her mother had ample opportunity to observe the Oldsmobile while they were stopped at the sign, and the photographs and diagrams introduced in evidence show that Mrs. Ricketts' view of traffic approaching from her right was unobstructed after she entered the intersection. It was within the province of the jury, therefore, to determine whether by maintaining a proper lookout a person in Mrs. Ricketts' position could and would have seen and appreciated the danger in time to avoid the collision either by stopping or sounding a warning.

■ The evidence showing that Mrs. Ricketts slowed down to permit the blue car to make its turn and then went forward slowly, steadily and directly into the path of the Olsmobile indicates rather clearly that she was completely oblivious to the danger until she expressed alarm shortly before the collision. This must have been due either to her failure to see the other vehicle or to her belief after noticing it that there was ample time for her to pass in front of it safely. Her failure to see it at all would certainly tend to establish an absence of proper lookout, and the jury evidently concluded that one in her position could not, after carefully observing the speed and proximity of the other vehicle, have entertained a belief that there was time to cross in front of it safely at the speed at which she was driving. They may have reasoned, for example, that the exercise of ordinary care required Mrs. Ricketts to notice the speed and position of the Oldsmobile when she slowed down for the blue car and before committing herself to entering the west traffic lane, and that the danger would have been apparent to anyone who did so at that time. We hold that the facts and circumstances established by the evidence and the inferences which can reasonably be drawn therefrom support the jury's ultimate conclusions as reflected by their answers to Special Issues Nos. 7 and 8.

Most of the authorities cited by plaintiffs are not analogous on the facts. Dewhurst v. South Texas Rendering Co., Texas Civ. App., 232 S.W. 2d 135 (wr. ref. n.r.e.), is similar in many respects, but the evidence there showed that the other vehicle slowed almost to a stop before entering the intersection.

The fact that the deceased drove in front of it was thus as consistent with proper observation and belief that it was going to yield the right of way as with failure to keep a proper lookout.

■ Plaintiffs filed cross points in the Court of Civil Appeals asserting that the jury's answers to Issues Nos. 7 and 8 are against the great weight and overwhelming preponderance of the evidence. Since the holding of the intermediate court that there is no evidence to raise these issue includes the lesser finding of insufficient evidence, that phase of the case must be remanded to the district court for a new trial. Hopson v. Gulf Oil Corp., 150 Texas 1, 237 S.W. 2d 352. The defendant does not complain, however, of the $2,000.00 jugment for Barbara's injuries and has requested that the same be affirmed.

The judgment of the Court of Civil Appeals is accordingly reformed so as to direct: (1) that the judgment of the trial court awarding Barbara $2,000.00 for her injuries be affirmed, and (2) that the judgment of the trial court in plaintiffs' favor for an additional $14,564.90 be reversed and that phase of the case remanded to the district court for a new trial. As so reformed, the judgment of the Court of Civil Appeals is affirmed.

Opinion delivered June 4, 1958.