**F. E. SMITH et al., Appellants,**

v.

**Mrs. S. M. FOUNTAIN et vir, Appellees.**

**No. 10618.**

Court of Civil Appeals of Texas.

Austin.

Dec. 3, 1958.

Houston Thompson, Silsbee, for appellants.

A. L. Bevil, Kountze, for appellees.

ARCHER, Chief Justice.

This is a suit in trespass to try title filed by F. E. Smith and others, claiming to be the heirs of Mrs. Lula Oglesby Smith, against Mrs. S. M. Fountain and husband J. O. Fountain; said petition having been filed in the District Court of Hardin County, Texas, on the 19th day of May, 1956, and involving five acres of land, known as Outlot No. 17 of the Town of Hardin, according to the map or plat of said town, recorded in the office of the County Clerk of Hardin County, Texas, and being a part of Hardin County School Survey, Abstract No. 248.

Defendants Mrs. S. M. Fountain and husband J. O. Fountain answered by general denial and plea of not guilty.

The cause was submitted to the jury on special issues, the first of which was answered favorably to defendants. Special Issue No. 1 inquired if W. J. Kelly and Lela Kelly were husband and wife and married to each other on or before December 11, 1923, and the jury's answer was that they were not.

The court overruled plaintiffs' motion for judgment notwithstanding the verdict, and rendered judgment on the verdict in favor of defendants.

W. J. Kelly and wife Lela Kelly had both been previously married; Lela Kelly to a Mr. West, by whom she had two child-

ren, plaintiffs, Ralph E. West and W. D. West. Both W. J. Kelly and Lela Kelly were dead at the time of the filing of this suit.

The appeal is founded on three points to the effect that the court erred in refusing judgment for appellants notwithstanding the answer of the jury to issue No. 1, because the answer was not supported by the evidence, and against the weight of the evidence, and because the evidence is uncontradicted that W. J. Kelly and Mrs. Lela Kelly were married before December 11, 1923, and because the property is presumed to be community property there being no evidence to the contrary.

The only question in this case is whether or not the deed from W. W. Bell to W. J. Kelly, dated December 11, 1923, was the separate property of W. J. Kelly, and whether the deed from Mrs. Lela Kelly to Lula Oglesby Smith, dated July 17, 1933, conveyed the land or any interest therein.

We have concluded that it did not.

In the present litigation only an undivided one-half interest was awarded appellees. Appellees claim title to an undivided one-half interest in the five acre tract by virtue of a deed from W. J. Kelly to Mrs. S. M. Fountain dated July 29, 1933, and recorded in the Deed Records of Hardin County, Texas.

One of the plaintiffs, a sister of Mrs. Lela Kelly and a daughter of Mrs. Smith and related to the other appellants, testified that W. J. Kelly and Mrs. Lela Kelly separated early in 1933 and that Mrs. Kelly had, by a previous marriage, two sons then about 22 and 24 years of age, whose father, a Mr. West, had been dead 10 years before she married Kelly. The witness was uncertain as to dates, ages and events.

The jury heard her testimony and found that W. J. Kelly and Lela West Kelly were not married to each other on December 11, 1923, the date of the deed from Bell to Kelly, and since the jury is the exclusive judge of the facts proved and the weight to be given the testimony, it was justified and is supported by the evidence in its answer.

Texas Rules of Civil Procedure, rule 301; Garcia v. Texas Indemnity Ins. Company, 146 Tex. 413, 209 S.W.2d 333; Lynch v. Ricketts, Tex., 314 S.W.2d 273.

We have considered appellants' points carefully and do not find any reversible error.

The judgment of the Trial Court is affirmed.

Affirmed.

HUGHES, J., not sitting.