**J. A. GANDY et al., Appellants,**

v.

**MILLER'S SUPERMARKET et al.,**
Appellees.

No. 3819.

Court of Civil Appeals of Texas.

Waco.

June 15, 1961.

———◇———

James W. Hightower, Dallas, Wm. T. Moore, Bryan, for appellants.

Alvin M. Owsley, Jr., Houston, John M. Lawrence, III, Bryan, for appellees.

McDONALD, Chief Justice.

This is a wrongful death action filed by the survivors of Mrs. Mary Gandy, deceased, for damages due to alleged negligence of Miller's Supermarket, and its Receiver. It was alleged that Mrs. Gandy stepped over a water meter box lid on the supermarket premises near the entrance to the store, and that in doing so she fell and received injuries which contributed to her death. It was alleged that the water meter box lid was in a defective condition. Defendants plead contributory negligence; that the defective meter lid was open and obvious, and/or that the accident was unavoidable.

Trial was to a jury which, in answer to Special Issues, found:

1) The water meter box lid was in a defective condition on and prior to 11 April, 1959.

2) Defendant supermarket knew or should have known of such defective condition.

3) Defendants failed to correct said defective condition.

4) Which failure was negligence;

5) And a proximate cause of Mrs. Gandy's fall.

6) Defendants failed to make a reasonable inspection of the meter box lid prior to the occurrence on 11 April, 1959.

7) Which failure was negligence;

8) And a proximate cause of Mrs. Gandy's fall.

9) Mrs. Gandy failed to keep a proper lookout at the time and on the occasion in question;

10) Which failure was a proximate cause of the occurrence.

11) 12) & 13) Acquit Mrs. Gandy of additional contributory negligence.

14) ·The condition of the meter box lid was not open and obvious to Mrs. Gandy.

16) The occurrence was not the result of an unavoidable accident.

18) Medical, nursing and drug bills incurred as a proximate cause of the accident were $3000.

19) The injury to Mrs. Gandy was a proximate contributing cause of her death.

20) Damages to plaintiff for loss of his wife were $5500.

The plaintiffs moved for judgment non obstante veredicto, and for new trial, on the ground that there is no evidence, or insufficient evidence to support the jury's answers to Issues 9) & 10); defendants moved for judgment on the verdict. The Trial Court · overruled plaintiffs' motions, and entered judgment on the verdict, and that plaintiffs take nothing.

Plaintiffs appeal, contending that the Trial Court erred in overruling its motions for judgment non obstante veredicto; and for new trial; because there is: 1) no evidence; and alternatively: 2) insufficient

evidence to support the jury's answers to Issues 9) & 10).

Issues 9) & 10) found that Mrs. Gandy failed to keep a proper lookout, and that such failure was a proximate cause of her fall.

There were only 2 witnesses to Mrs. Gandy's fall: Mr. Martin, an employee of defendant supermarket, and J. A. Gandy, husband of the deceased.

Mr. Martin testified as follows:

"Q. Did you see Mrs. Gandy fall? A. Yes sir, I did.

"Q. Was that on April 11, 1959? A. Somewhere close to that.

"Q. Did she fall in this meter box, here, or a meter box? A. A meter box.

\* \* \* \* \* \*

"Q. Just simply tell it like you saw it? A. I was carrying out some groceries to a car and I seen Mr. and Mrs. Gandy drive up, and I put the groceries in the car and walked up on the sidewalk and I was going to speak to them, and Mr. Gandy got out of the car and started around to help his wife. She opened the door and come around and when she started to step, she stepped in that box. It was open, and she fell. \* \* \*"
Mr. Gandy testified:

"Q. When she got out on her side, did anything occur which directed your attention to her? A. Yes sir. As she approached the curb, I heard a noise—some kind of a rolling, and I looked and she was going down. She stepped on that and it give away and she plunged forward and sat down on this concrete.

\* \* \* \* \* \*

"Q. Did she fall forward over that way? A. Yes sir, in tripping her foot, she seemed to plunge forward.

\* \* \* \* \* \*

"Q. She got out on her right side, or the right hand side of the car, facing forward? A. Yes.

\* \* \* \* \* \*

"Q. Did you actually see Mrs. Gandy fall down? A. Yes sir, I saw her going down. \* \* \* She plunged forward from the trip. She tripped her foot and that naturally jerked and made her plunge forward."

Mrs. Gandy was walking up to the curb which separates the sidewalk proper from the parking area provided for customers. The defective meter box was situated in the main walk where Mrs. Gandy was walking and where she had a right and an invitation to walk. It was 3 o'clock in the afternoon on April 11th and there is no evidence of adverse weather conditions.

The jury has found the existence of the defective meter box upon which Mrs. Gandy tripped; that defendant knew or should have known of its condition; that defendants failed to make inspections of the meter box; all of which was negligence and a proximate cause of Mrs. Gandy's fall. The jury further found that the occurrence was not the result of an unavoidable accident; and that the defective condition of the meter box was not open and obvious to Mrs. Gandy. We think the foregoing is amply sustained by the record and neither party assails same.

There is no direct testimony that Mrs. Gandy was or was not giving her attention to objects on the ground in her path, or that she failed to keep a proper lookout.

Our Supreme Court in Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273, 275, in which case the deceased driver was found by the jury to have failed to keep a proper lookout, although there was no direct evidence on the matter, held:

"In a case of this character, standards of ordinary care such as the direction and extent of the observation which Mrs. Rickett (the deceased) should have made at any particular time cannot be fixed with any degree of certainty but must be left in large measure to the trier of facts. It is well settled, moreover, that negligence and causation, like any other ultimate fact, may be established by circumstantial as well as direct evidence. \* \* \* The jury is thus not only the judge of the facts and circumstances proven but may also draw reasonable inferences and deductions from the evidence adduced before it. Its findings may not be disregarded under the provisions of Rule 301, therefore, if the record discloses any evidence of probative value which, with inferences that may be properly drawn therefrom, will reasonably support the same."

We cannot say from the record as a whole that there is *"no evidence"* that Mrs. Gandy failed to keep a proper lookout. Albeit that there is no direct evidence to such effect, the condition of the weather, the location of the meter box, the path followed by Mrs. Gandy, her familiarity with the locale, and the length of time the meter box had been in its present condition, all present circumstances from which the jury could conclude that Mrs. Gandy's fall was attributable in part to her failure to watch where she was going. Therefore, we are unable to say that there is *"no evidence"* to support the jury's findings in answer to Issues 9) and 10). However, from our review of the record recited, as well as the record as a whole, we conclude that the jury's answers to such issues are against the great weight and preponderance of the evidence, under the rule laid down by our Supreme Court in Re King's Estate, 150 Tex. 662, 244 S.W.2d 660. We therefore sustain plaintiffs' alternative contention that there is insufficient evidence to support the jury's answers to Issues 9) and 10), which requires a reversal of the case.

Reversed and remanded.