**Monroe Carl McCAULEY, Appellant,**

v.

**Marie A. LASHER et vir, Appellees.**

No. 7469.

Court of Civil Appeals of Texas.

Texarkana.

April 30, 1963.

Rehearing Denied May 28, 1963.

Jones, Brian & Jones, Marshall, for appellant.

Smith, Hall & Huffman, Marshall, for appellee.

DAVIS, Justice.

A highway intersectional collision case. Appellant, Monroe Carl McCauley, was struck by a car being driven by appellee, Marie A. Lasher. The collision occurred at an intersection of U. S. Highway 80 and U. S. Highway 59, in Marshall, Texas. Appellee was driving south on 59 and stopped her car in obedience to a stop sign where highway 59 intersects highway 80. There was no stop sign on highway 80 at the intersection, and appellant had the

right-of-way. After the appellee had stopped at the intersection, she then proceeded forward without ascertaining that she could do so safely.

Trial was to a jury, which convicted Mrs. Lasher of negligence in failing to keep a proper lookout, and that such failure was a proximate cause of the collision. It also convicted her of proceeding into the intersection without first ascertaining that she could do so safely, and that such negligence was a proximate cause of the collision. The jury also convicted the appellant of failing to keep a proper lookout, and that such failure was a proximate cause of the collision. Judgment was entered that the appellant take nothing. He has perfected his appeal and brings forward two points of error.

■■ By his points of error the appellant says the verdict of the jury convicted him of failure to keep a proper lookout, and finding that such negligence was a "proximate cause" of the collision is contrary to the overwhelming weight and preponderance of the evidence; the court erred in overruling his motion for a new trial; and, there is no evidence of his failure to keep a proper lookout and such negligence was a "proximate cause" of the collision. The appellant was going west on highway 80. As he approached the intersection of highway 59, with which he was very familiar, he was looking straight ahead and was watching some cars that were coming off of highway 59 at another intersection of highway 80 at a point where there is a sign that says "Yield the Right-of-way". He did not see the appellee's car at the first intersection. The appellant could see a distance of about 1,000 feet north on highway 59 as he approached the intersection. His failure to see the appellee's car tends to establish an absence of proper lookout. Lynch v. Ricketts et al., 158 Tex. 487, 314 S.W.2d 273. The appellee did not see the appellant's car before she started into the intersection. Even if the appellant had been keeping a proper lookout, could he have so conducted himself and his car in such a way as to prevent the collision that did occur? Viewing the evidence in the light most favorable to the jury's verdict, the evidence is insufficient to support the jury's findings that such negligence was a proximate cause of the collision.

■ "Proximate cause" was defined by the trial court in his charge to the jury. Baumler v. Hazelwood, 162 Tex. 361, 347 S.W.2d 560. In this case the Court said:

"The definition embraces at least two distinct concepts, both of which must be present: (1) there must be cause in fact,—*a cause which produces an event and without which the events would not have occurred;* and (2) foreseeability. Even assuming, without deciding, that there is some evidence of foreseeability from speed itself under the circumstances, we find no evidence that Baumler's velocity in fact caused the accident." (Emphasis added).

If there must be a cause in fact, the cause must produce an event, without which event the collision would not have occurred. There is no evidence that the failure to keep a proper lookout produced an event that caused the collision. Taking into consideration all of the facts and circumstances established by the evidence and the inferences which can reasonably be drawn therefrom fails to support any foreseeability on appellant's behalf to show the collision might occur in ample time to prevent it. Biggers v. Continental Bus System, 157 Tex. 351, 303 S.W.2d 359, and 157 Tex. 351, 298 S.W.2d 79.

Assuming that the appellant was keeping a proper lookout under the facts and circumstances as prevailed in this case, could he have foreseen the event that caused the collision in time to prevent it? The appellee, by her own testimony, testified that she stopped at the intersection, could see 2000 feet to her left, then started up again and did not see the appellant. There was only

a matter of some two or three seconds that intervened between the time that she started into the intersection and the time that she struck the appellant's car near the right fender and right rear wheel. There was not time enough for any event to occur on the part of the appellant to cause the collision, or prevent it. As to keeping a proper lookout, the appellant's points of error are overruled. As to the contributory negligence on the part of the appellant being a proximate cause of the collision, the points of error are sustained as being contrary to the overwhelming weight and preponderance of the evidence in each respect. The judgment of the trial court is reversed and the cause is remanded. Lynch v. Ricketts et al., supra.