Elizabeth Ann **SCHNEIDER**, a *feme sole*,
Appellant,

v.

**COOK BOOK BAKERS, INC.**, et al.,
Appellees.

No. 7529.

Court of Civil Appeals of Texas.

Texarkana.

Oct. 29, 1963.

Fred L. Gardner, Pratt & Gardner, Fred A. Collins, Collins & Moore, Houston, for appellant.

Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, for appellees.

FANNING, Justice.

Elizabeth Ann Schneider, a feme sole, sued Cook Book Bakers, Inc. and its employee, Horace Creed Wade for damages for personal injuries allegedly sustained as a result of a "changing lanes" collision between her automobile and the truck of defendant corporation driven by its employee, defendant Wade.

Sixteen special issues were submitted to a jury. The jury's responses to such issues were in effect as follows: (1) that just before the collision in question Horace Wade turned the Cook Book Bakery truck into the right lane at a time when such movement could not be made in safety, but (2) the same *was not negligence,* (3), the conditionally submitted proximate cause issue with reference to issues 1 and 2 was not answered, (4) that Wade did not fail to keep a proper lookout, etc. (5) conditionally submitted issue No. 5 on proximate cause was not answered, (6) that Elizabeth Ann Schneider did not fail to keep a proper lookout, etc. (7) conditionally submitted issue on proximate cause was not answered, (8) that Elizabeth Ann Schneider failed to make proper application of her brakes but (9) that the same was not a proximate cause of the collision in question, (10) that Elizabeth Ann Schneider was not operating her automobile at excessive speed, etc., and (11) the proximate cause issue was not answered, (12) that Elizabeth Ann Schneider did not sustain any injuries in the accident, and conditionally submitted issues 13, 14, 15 and 16 relating to damages were not answered. A "take nothing" judgment was rendered against plaintiff and she has appealed.

Appellant on appeal presents four points wherein she contends to the effect that there is no evidence to support the jury's answers to special issues Nos. 2, 4 and 12, and that the negative answers of the jury to special issues Nos. 2, 4 and 12, and the consequent failure of the jury to affirmatively answer special issues Nos. 3 and 5, and the consequent failure to answer special issues Nos. 13, 14, 15 and 16, are so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong and unjust.

For a comprehensive discussion of the principles of law applicable to the determination of such character of points see Chief Justice Calvert's article, " 'No Evidence' and 'Insufficient Evidence' Points of Error", 38 Tex.Law Rev., No. 4, p. 361.

The daytime collision in question occurred on Jan. 13, 1959, in Houston, Texas. Plaintiff-appellant was driving a small foreign automobile which she testified was "too low". The baking company truck driven by Wade was a large truck about two cars in length and had rear view mirrors which could observe small cars like plaintiff's from 10 feet back or farther—there was testimony from Wade that he could not see a small car like plaintiff's or a bicycle if it was "right along side of me", but could see cars of normal size that near to him. Wade stated that he was leaving the inside lane of traffic because of the fact that a vehicle just ahead of him was slowing down to make an apparent left hand turn. Plaintiff-appellant in the trial testified to the effect that Wade had started over into the lane once, that she honked her horn, and he went back—(Wade denied this)—and that Wade then came over in her lane the second time. This version by plaintiff was given for the first time in the trial and was not given in her deposition taken before the trial. The witness Hardy gave evidence partly favorable to Miss Schneider and partly favorable to Wade and the baking company. Hardy corroborated Miss Schneider with reference to the "honking" which Wade denied hearing—however it appears from Hardy's further testimony that plaintiff-appellant was accelerating and attempting to pass Wade's truck on the right at the time of the accident.

Wade, in describing generally how the accident occurred, testified to the effect that when his traffic light at Alameda and Holcomb turned green, he started across; that he looked in his rear view mirror on both

sides and saw Hardy's truck behind him, that then, a Buick in front of him, which had been slowing up, apparently to make a left turn, made a signal to make a left turn, and Wade again looked in his rear view mirror on both sides to see if anything was coming, and saw nothing, he then started gradually pulling over into the right hand lane, until he realized he had bumped into something with the end of his front bumper. Wade further testified that he did not hear any horn blow before this accident but did see appellant's small car come spinning out in front of him after this accident.

Wade further testified that after the accident happened, he inquired of the plaintiff-appellant whether she was injured, and she stated that she was not.

The damages to plaintiff's automobile were of a minor nature; the repair bill was $190.75 and the intervenor insurance company which paid the bill sought judgment for $200.00 in their plea of intervention.

The evidence also shows that plaintiff-appellant, who was a nurse, lost no wages and that her wages increased after her accident. Prior to the collision in question she had had a back operation. If her trial testimony and the testimony of her doctors had been fully believed by the jury, a verdict for some amount of damages would have been authorized. However even from her trial testimony and the testimony of her doctors it was apparent that if she had been injured at all, it was not of any great consequence. However under her earlier statement to the effect that she had not been injured, (according to Wade's testimony earlier referred to) the jury could have believed that she made this statement and determined from this evidence and other circumstances in the case that she was not injured.

In Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273, it was stated in part as follows:

"In a case of this character, standards of ordinary care such as the direction and extent of the observation which Mrs. Ricketts should have made at any particular time cannot be fixed with any degree of certainty but must be left in large measure to the trier of fact. It is well settled, moreover, that negligence and causation, like any other ultimate fact, may be established by circumstantial as well as direct evidence. See English v. Miller, Tex.Civ. App., 43 S.W.2d 642 (wr. ref.); Henry v. Publix Theatres Corp., Tex.Civ. App., 25 S.W.2d 695 (wr. ref.). The jury is thus not only the judge of the facts and circumstances proven but may also draw reasonable inferences and deductions from the evidence adduced before it."

As we analyze the testimony we reach these preliminary conclusions: Under plaintiff-appellant's testimony the jury, if they fully believed such testimony, could have convicted defendants of negligence and answered the negligence and proximate cause issues against defendants. Under Wade's evidence, if believed, the jury could, as they did, find for defendants on the liability issues. The testimony of the witness Hardy, as above referred to, was partly favorable to plaintiff and partly favorable to defendants, and his testimony was a matter for the jury to weigh, evaluate, and reconcile as they in the proper exercise of their jury function saw proper. As we view it, the evidence on the liability issues as well as on the issue as to whether plaintiff was injured, was conflicting.

■ The determination of a "no evidence question" is a matter of law and in determining this question the court will consider only that evidence, if any, which viewed in its most favorable light, supports the jury's findings, and will disregard all evidence which would lead to a contrary result. Biggers v. Continental Bus System, 157 Tex. 351, 298 S.W.2d 79, 303 S.W. 2d 359.

■ We hold that there was evidence of probative force to support the jury's

findings to special issues 2, 4 and 12. Appellant's 4th point is overruled.

After carefully considering the entire record in this cause in the light of the rules announced in the case of In re King's Estate, 150 Tex. 662, 244 S.W.2d 660, it is our view that the jury's verdict is not so contrary to the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. Appellant's 1st, 2nd and 3rd points are overruled.

The judgment of the trial court is affirmed.