**R. C. HILL, Appellant,**

v.

**The TRAVELERS INSURANCE COMPANY, Appellee.**

**No. 7594.**

Court of Civil Appeals of Texas.

Amarillo.

March 14, 1966.

Warren Burnett and Robert D. Pue, Odessa, for appellant.

Crenshaw, Dupree & Milam, Lubbock, Brad Crawford and Cecil Kuhne, Lubbock, of counsel, for appellee.

NORTHCUTT, Justice.

This is a workman's compensation case brought by R. C. Hill, as plaintiff, against Travelers Insurance Company, as defendant, for incapacity resulting from an alleged injury on June 27, 1963, while working as an employee of Missouri Valley Constructors, Inc. in Lamb County, Texas. Plaintiff alleged that while rolling a twenty-inch pipe he came into an awkward position at which time he felt a sharp pain in his left shoulder and left arm. That as a result of the injury to the muscles, tendons, ligaments and nerves in his left shoulder and left arm he was totally disabled from performing the ordinary tasks of a workman to such an extent that he would be unable to obtain and retain employment during the ordinary task of a workman and that he was therefore totally and permanently disabled within the meaning of workmen's compensation law of the State of Texas.

The case was submitted on special issues in response to which the jury found that the plaintiff sustained an accidental injury on June 27, 1963, and that plaintiff sustained total and permanent incapacity. The jury further found that any incapacity which plaintiff has had or now has was caused solely by the loss of the use of his left arm. It was stipulated that under the uncontroverted evidence the plaintiff sustained a 20 per cent partial loss of the use of his left arm.

The trial court entered judgment on the jury verdict for compensation for 20 per cent permanent partial disability to his left arm. From that judgment the plaintiff, hereinafter referred to as appellant, perfected this appeal.

Appellant presents this appeal upon two assignments of error contending by his first point of error that the trial court erred in overruling appellant's motion to disregard Special Issue No. 13 and the jury's answers thereto and in failing to enter judgment for appellant for total and

permanent disability since there was no evidence to support the submission of the issue or the answer thereto. By Point Two it is contended the trial court erred in overruling appellant's motion for a new trial since the jury answer to Special Issue 13 was so contrary to the great weight and preponderance of the evidence as to be manifestly wrong and unjust and was supported by insufficient evidence.

▇▇▇ In considering the contention of no evidence we must consider whether there was any evidence of probative value which with inferences that may be properly drawn therefrom will reasonably support the verdict of the jury. The jury were the judges of the facts proved and also the inferences to be drawn therefrom provided such inferences were not unreasonable. Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273; Lockley v. Page, 142 Tex. 594, 180 S.W.2d 616.

Special Issue 13 was as follows: "Do you find from a preponderance of the evidence that any incapacity which R. C. Hill has had or now has, if any, was caused solely by the loss of use of his left arm?" The jury answered the issue, "Yes." Appellant pleaded that while he was rolling a twenty-inch pipe he came into an awkward position at which time he felt a sharp pain in his left shoulder and left arm and then pleaded damage to his left shoulder and left arm.

Appellant when asked what occurred in describing how he was injured testified as follows:

"Well, we were fabricating some 20-inch pipe for a tooling tower, and we had this pipe laying up on some steel horses, which is—most of you know what a sawhorse is, these were made out of steel. And my job was to weld a 20-inch 90, or an elbow, onto the 20-inch pipe. And this pipe was some 20 feet long and it was heavy schedule pipe, Schedule 60, I believe, which is heavier than ordinary pipe.

"And during this time when I was in the process of welding this '90' on the pipe, well, the pipe had to be lowered to a different position, and I had a jack, screw jack, underneath the '90' to hold it in a horizontal position, and I caught this '90' and kicked the jack out, and when I did, I had more than I could handle. And I held on to it and I had this severe burning and ripping sensation in my shoulder, and I went ahead and got hold of it with both hands, and got it in position to how I wanted it, and I stopped and rubbed my shoulder for some time, and walked and got me a drink of water, and went on back to work."

Appellant was hurt on June 27, 1963, and continued to work and first went to see a doctor on July 3. Appellant had trouble moving his arm and couldn't lift anything over his head. After he went back to work he was limited in what he could pick up in the movement of his arm. At the time of the trial he was working in his regular kind of work making $4.35 an hour. His arm bothered him when he tried to clinch it. If he had to grab something there was a particular way he had to move his arm. When he is working his arm bothers him as well as his shoulder. Dr. Margo, who operated on appellant, testified: "After full recovery from the surgery, he will have some pain and disability, in my opinion, I would say it would be 20 per cent permanent part disability to the left arm."

▇▇▇ In considering appellant's second point of error we must consider and weigh all of the evidence in the case and to set aside the verdict and remand the cause for a new trial if the verdict is so against the great weight and preponderance of the evidence as to be manifestly unjust. In Re King's Estate, 150 Tex. 662, 244 S.W.2d 660. There is no evidence that his shoulder was ever struck with anything. He held onto the pipe when he kicked the jack out from under the pipe and this testimony together with the testimony as to his arm and the testimony of Dr. Margo that the

injury will result in 20 per cent permanent part disability to the left arm, we cannot say that the verdict is so against the great weight and preponderance of the evidence as to be manifestly unjust.

We have carefully considered both of appellant's points of error and overrule both of them. Judgment of the trial court is affirmed.