James **ANDERSON**, Appellant,

v.

Delbert **CAMPBELL**, Appellee.

No. 16737.

Court of Civil Appeals of Texas.

Fort Worth.

May 27, 1966.

Rehearing Denied July 1, 1966.

John W. Herrick and Norman W. Darwin, Fort Worth, for appellant.

Touchstone, Bernays & Johnston and Webber W. Beall, Jr., Dallas, for appellee.

OPINION

MASSEY, Chief Justice.

Mrs. Mary Anderson, wife of plaintiff James Anderson, was driving an automobile during a rainstorm on a curve in a rural area and collided with the truck driven by defendant Delbert Campbell which was approaching from the opposite direction. James Anderson brought suit for personal injuries to his wife. Upon a jury trial the answers to special issues convicted Mrs.

Anderson of contributory negligence in that it found that she failed to keep a proper lookout, such being a proximate cause of the collision. Judgment was rendered for the defendant and plaintiff appealed.

Affirmed.

For convenience we will hereinafter term Mrs. Mary Anderson as the plaintiff. Delbert Campbell will be referred to as the defendant.

Under the evidence the jury was entitled to believe that the defendant's vehicle had not entered the curve and had not started to turn in order to negotiate the curve at the time the vehicles collided; to further believe that the defendant's vehicle—though approaching the point of the collision with the left-hand side thereof to the defendant's left of the center of the road—would have come further to its right on the roadway so that it would have been completely over onto defendant's right-hand side of the center had it completely entered the curve; and that if the plaintiff had slowed the speed of her automobile so that that of the defendant could have entered onto the curve she would have had her one-half of the main traveled portion of the roadway free and unencumbered. Therefore, the jury was entitled to draw the inference that such evasive action by the plaintiff did not occur because she failed to keep a proper lookout, thus constituting a proximate cause of the collision, the theory being that if she had kept a proper lookout she would have timely discovered that the other vehicle was approaching the curve in such manner that it partially obstructed her side of the road, and hence would in all probability have slowed or even stopped her vehicle so that the defendant's vehicle would have been driven off the wrong side and onto its proper side before the defendant made a turn in the negotiation of the curve. Findings were returned according to such theory.

■ The jury failed and refused to find, by a preponderance of the evidence, that plaintiff was negligent in failing to turn to the right. Under the evidence this was reasonable in view of the physical condition to her right at that point. However, there was no finding whatever concerning plaintiff's failure to take any other evasive action (under the theory that she would have taken evasive action if fully informed and aware, as in the case of one who has kept a proper lookout). Other than as applied to proper lookout the defendant had plead contributory negligence only in respect to plaintiff's failure to turn to the right. Therefore, there was no occasion to submit other issues relating to evasive action. But in our opinion such failure would not inhibit consideration by the jury of reasonable and proper evasive action which could and should have been taken by the plaintiff if possessed of that full knowledge she should have had if she had exercised ordinary care to keep a proper lookout.

■ We recognize that the law inhibits an inference not supported by and warranted by the evidence that plaintiff's failure to keep a proper lookout was a proximate cause of the collision. Texas & P. Ry. Co. v. Shoemaker, 98 Tex. 451, 84 S.W. 1049 (1905); Taylor v. Brooks, 392 S.W.2d 878 (Waco Civ.App., 1965, Ref., n. r. e.). But in the usual and ordinary case the question of proximate cause is for the jury. The question is for the jury where causation may be established by circumstantial evidence. Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273 (1958). The jury is not only the judge of the facts and circumstances proved but may also draw reasonable inferences and deductions from the evidence. Its findings may not be disregarded under the provisions of Rule 301 (Texas Rules of Civil Procedure, rule 301, "Judgments") if the record discloses any evidence of probative value which, with inferences that may be properly drawn therefrom, will reasonably support the same. Lynch v. Ricketts, supra.

■ In summation we repeat that we are of the opinion and hold that the evidence was such as entitled the jury to draw the in-

ference that if the plaintiff had slowed her automobile the forward movement of the defendant's vehicle would have placed it on its proper side of the highway and thus not constituted an obstruction on plaintiff's one-half thereof; that if plaintiff had kept a proper lookout she would have known that avoidance of a collision would be possible if she took evasive action by slowing the speed of her automobile, but that since she failed to exercise care in that respect and thus was unaware that she should take such evasive action her failure to keep a proper lookout was a proximate cause of the collision.

In so holding we are confident that we are not basing an inference upon a presumption of another fact, something which is concededly improper, there being direct evidence of probative force and effect that the defendant vehicle had not been turned to the left to negotiate the curve—because there was evidence that the defendant, not having entered the curve as of the time of the collision, had not yet begun to turn to the left. Rounsaville v. Bullard, 154 Tex. 260, 276 S.W.2d 791 (1955).

We disagree with the contention of plaintiff that it was conclusively proved that she received an injury as the result of the collision and that the jury finding that she did not receive such was so against the overwhelming weight and preponderance of the evidence as to be clearly wrong. Plaintiff stated at the time of and shortly after the collision that she had not been injured. Her trouble began thereafter, and the jury was free to find or not that it was attributable to the collision. This is especially so since the plaintiff was an interested party and her credibility was for the jury. There was a conflict in the jury findings relative to injury and damages resulting from injuries received as the result of the collision. It is not certain that a point of error rests thereupon. In any event the jury findings on damages would be immaterial in view of our holding that plaintiff is not entitled to recover in any event because of its findings that she failed to keep a proper lookout and that such constituted a proximate cause of the collision.

Judgment is affirmed.