Joseph E. GREEN, Appellant,

v.

Manfred GUENTHER, Appellee.

No. 6071.

Court of Civil Appeals of Texas,
El Paso.

March 18, 1970.

Rehearing Denied April 8, 1970.

Holvey Williams, El Paso, for appellant.

Hardie, Grambling, Sims & Galatzan, Malcolm Harris, El Paso, for appellee.

## OPINION

WARD, Justice.

This is an appeal from a take-nothing judgment arising out of an accident occurring at an uncontrolled intersection. To the special issues submitted, the jury answered that the defendant-appellee was guilty of several acts of negligence which were a proximate cause of the accident. However, the jury found that the plaintiff-appellant failed to keep a proper lookout and that the same was a proximate cause. Appellant filed only a motion to disregard these unfavorable findings and to render judgment non obstante veredicto, which was overruled. He filed no motion for new trial. We affirm the judgment of the trial court.

Appellant's points of error, briefed together, are that the trial court erred in overruling appellant's motion to disregard the objectionable findings and to render judgment for him on the balance of the verdict for the reason that there was, (a) no evidence to support said issues, (b) insufficient evidence to support them, and

(c) the answers to them were against the great preponderance of the evidence. We are immediately confronted with the procedural question of the sufficiency of those points relating to the "insufficiency of the evidence". Any attack upon the action of the trial court in overruling a motion for judgment non obstante veredicto must, of necessity, constitute a "no evidence point". See Shelton v. Ector, 364 S.W.2d 425 (Tex. Civ.App., Dallas 1963), where the court stated:

> "For an authoritative discussion of the often confusing question presented here, see the article by Chief Justice Robert W. Calvert entitled ' "No Evidence" and "Insufficient Evidence" ' 38 Texas Law Review, page 361, wherein he states that a point based upon or related to a motion for judgment notwithstanding the verdict is a 'no evidence' point, and the fact that the point may speak of 'Insufficient evidence' or 'not sufficient evidence' cannot make it otherwise."

Therefore, only the "no evidence" question being presented as to the two unfavorable findings, we will consider only the evidence and inferences favorable to the findings, and must sustain the findings if there is evidence of probative force to support them. Garza v. Alviar, 395 S.W.2d 821 (Tex. 1965).

Viewed in this light the evidence established that the collision occurred at 7:45 o'clock a. m. at the right-angle intersection of Mobile and Justus, in El Paso. This is an intersection entirely uncontrolled. Mobile runs in an east and west direction, is paved, is approximately 30 feet wide, and carries two-way traffic. Justus runs north and south, is unpaved, and is approximately 40 feet wide and likewise carries two-way traffic. Appellant was driving his automobile in a northerly direction on Justus while the appellee was driving his Ford in an easterly direction on Mobile. As the appellant came to Mobile Street, he either came to a stop or entered the intersection at a very slow speed, and testified that he

never saw the Ford approaching from his left until he was in the middle of the intersection. He stated that at that time he attempted to accelerate the speed of his automobile in an effort to avoid the collision, but the accident happened. According to the appellee, the Ford was approaching the intersection at a speed of thirty miles per hour, and the appellee testified that he never saw the appellant's car until it was right in front of him. He then attempted to swerve to the right and put on his brakes when the front of his car struck the left rear of the appellant's vehicle. The appellee testified that if he had not swerved to his right, he would have hit the appellant's car at the front end. The point of impact is described as being ten feet north from the south curb line of Mobile Street and twelve feet west from the east curb line of Justus. No skid marks were visible in the street after the accident. It does seem that the appellant's automobile did enter the intersection before the Ford, because of the physical facts. The appellant testified that to his left, in the direction from which the Ford approached, there were several big bushes, at which exact point the record does not reflect. The appellee did testify that the bushes obstructed a certain area of the line of sight and that he was not able to see the appellant's car until it was "almost in the intersection—almost entering the intersection". Although the appellant testified that when he looked to the left and first saw the Ford approaching him, it was almost a half block away, the appellee testified that he was near or at the intersection when the appellant's car entered it. The jury could well have believed this part of the testimony that the appellee was near the intersection when the appellant's car entered the intersection. Apparently the jury did believe that the first time that the appellant ever made a perceptive look to his left was when he was at the middle of the intersection.

**■■** Even assuming that the appellant had the right of way, the same is not absolute, but relative, and is subject to the

qualification that a person entitled to claim such right will exercise it with proper regard for the safety of himself and others. If he had looked sooner, the jury may well have believed that he could have stopped, as he was traveling slowly, or could have taken some evasive action. If the driver who is under the duty to yield the right of way fails to do so, the exercise of ordinary care may require the operator of the other vehicle to yield. McWilliams v. Muse, 157 Tex. 109, 300 S.W.2d 643 (Tex.1957).

We feel that this case is controlled by Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273 (1958), and that even though the appellant had the right of way, this could not excuse him from exercising ordinary care for his own safety. In the Lynch case, where Mrs. Ricketts had the right of way, the Supreme Court stated:

"In a case of this character, standards of ordinary care such as the direction and extent of the observation which Mrs. Ricketts should have made at any particular time cannot be fixed with any degree of certainty but must be left in large measure to the trier of fact. It is well settled, moreover, that negligence and causation, like any other ultimate fact, may be established by circumstantial as well as direct evidence * * * The jury is thus not only the judge of the facts and circumstances proven but may also draw reasonable inferences and deductions from the evidence adduced before it. Its findings may not be disregarded under the provisions of Rule 301, therefore, if the record discloses any evidence of probative value which, with inferences that may be properly drawn therefrom, will reasonably support the same."

The cases following Dewhurst v. South Texas Rendering Co., 232 S.W.2d 135 (Tex.Civ.App., San Antonio 1950, wr. ref. n. r. e.) and cited by appellant are not analogous. In each case the driver of the automobile on the favored street observed (or was presumed to have observed, due to his death or inability to testify) that the vehicle approaching on the unfavored street was slowing or stopping as if to permit the favored vehicle to pass. Each involved an entrapment situation, in some respects, which is entirely lacking here. See McCauley v. Lasher, 368 S.W.2d 49 (Tex. Civ.App., Texarkana 1963, ref. n. r. e.); Mills v. Thomas, 435 S.W.2d 593 (Tex.Civ. App.1968, ref. n. r. e.); Salcido v. Bates, 436 S.W.2d 934 (Tex.Civ.App., Corpus Christi 1968, ref. n. r. e.); Polasek v. Quinius, 438 S.W.2d 828 (Tex.Civ.App., Austin 1969, ref. n. r. e.). It might be noted, also, that in the McCauley and Salcido cases, and with the better facts there present in favor of the respective appellants, the "no evidence" points were overruled and the cases remanded for trial under the "insufficient evidence" points, a situation that does not exist in our present case.

The fact that the appellant, after stopping or almost stopping, moved slowly from the unpaved street into the paved Mobile Street without looking to his left until he was in the middle of the street, would enable the jury to find that the failure of the appellant to keep a proper lookout was a proximate cause of the accident. If, at any time after he first entered the intersection, he had merely noticed the approaching car, certainly in view of his slow speed, an application of the brakes or an evasive action would have been sufficient. We do not have the speed factor involved as to the appellant's car, as was present in the cases relied on by the appellant. See Lynch v. Ricketts, supra.

The appellant's point is overruled and the judgment of the trial court is affirmed.