**Hector M. VILLARREAL, Appellant,**

v.

**Emma H. ZOUZALIK, Appellee.**

No. 15344.

Court of Civil Appeals of Texas,
San Antonio.

Nov. 6, 1974.

M. M. Pena, Jr., and Brian T. Corrigan, San Antonio, for appellant.

Huson, Clark, Thornton & Summers, San Antonio, for appellee.

KLINGEMAN, Justice.

This is an appeal from a take-nothing judgment rendered in a suit for money damages caused to two vehicles as a result of a collision between the vehicles, one

being operated by appellant, Hector M. Villarreal, and the other by appellee, Emma H. Zouzalik. Trial was to a jury who found in answer to the pertinent special issues here involved that appellee failed to keep a proper lookout and that this was a proximate cause of the occurrence in question; that appellee made an improper turn and her failure to yield to appellant's vehicle was a proximate cause of the occurrence in question; that appellant was driving at a greater rate of speed than a person using ordinary care would have driven, and that this was a proximate cause of the occurrence in question. Judgment was entered by the trial court that both appellant and appellee take-nothing on their respective claims.

Appellant asserts 12 points of error which may be summarized as follows: (a) that there was no evidence and insufficient evidence to support the jury's findings that appellant was driving at a greater speed than a person using ordinary care would have driven (Special Issue No. 12) and that this was the proximate cause of the occurrence in question (Special Issue No. 13); that the jury's answers to Special Issues No. 12 and 13 are against the great weight and preponderance of the evidence; (b) that the court erred in holding that appellee met her burden of proof that "but for" the speed of appellant's vehicle, no collision would have occurred; (c) that the court erred in not granting appellant's motion to disregard and set aside the jury's answers to Special Issues No. 12 and 13, and in not granting judgment in appellant's favor; (d) that the court erred in not granting appellant's motion to reconsider and in failing to grant appellant's motion for judgment non obstante veredicto; (e) that the court erred in not granting appellant's motion for new trial because there is no evidence to support the verdict and judgment, and the verdict and judgment are against the great weight and preponderance of the evidence.

This suit involves an automobile accident occurring on Wednesday, February 21, 1973, at approximately 10:00 a. m. in the 2400 block of Fredericksburg Road in San Antonio, Texas, near the intersection of Vollum Street and Fredericksburg Road. Fredericksburg Road in the 2400 block extends to the northwest and southeast with two lanes going northwest and two lanes going southeast. It is paved and is 42 feet wide from curb to curb. At the time of the accident it was raining or drizzling, and the pavement was wet and slick. Appellant was driving a 1968 Chevrolet which was traveling in a southerly direction in the outside lane of Fredericksburg, and appellee was driving a 1972 Chevrolet in a northerly direction in the inside north bound lane. Appellee was attempting to make a left-hand turn across Fredericksburg Road towards a parking space at a dentist's office when her car was struck on the passenger's side by the automobile being driven by appellant. The investigating officer placed the point of impact as being in the outside lane, the lane next to the curb and being the lane of traffic in which appellant was driving. Appellee testified that the point of impact was very near the outside curb.

Appellant testified that he was approximately 100 to 150 feet from appellee's vehicle when appellee began to make a slow turn; that he immediately applied his brakes but that his car went into a skid and that he was unable to stop and that the front end of his car collided with the front passenger door of appellee's vehicle. The investigating police officer testified that he measured 66 feet of skid marks left by appellant's vehicle.

Appellee testified that she had stopped in the inside north bound lane on Fredericksburg Road before making a left turn to allow several cars to pass; that as she was stopped she gave a turn signal and had her blinker light on; that before she made her turn she looked for other vehicles and thought she had sufficient time to make a safe turn, and while, turning, her car was struck on the passenger side by a car being driven by appellant.

Appellant testified that he was driving between 25 and 30 m. p. h. at the time he saw appellee's car; that he thought the speed limit was 30 m. p. h. Appellee testified that there was a school zone in the area of the collision and that the speed limit was 20 m. p. h. There was introduced into evidence as Defendant's Exhibits A and B, signs showing a posted speed limit of 20 m. p. h. in the area, which signs are marked "SCHOOL." No city ordinance as to speed was introduced into evidence by appellant or appellee.

There is testimony that appellant's automobile was damaged to the extent of approximately $1,000 and that the cost of repairs to appellee's automobile was $725.

■ Appellant complains that there is no proof of speed proximately causing the accident, and in this connection, asserts that there is absolutely no evidence or testimony (a) that appellant was driving at an excessive rate of speed; (b) that a speed of 25 to 30 m. p. h. was excessive under the circumstances; (c) that the operation of appellant's vehicle at a lower rate of speed than he was driving would have enabled him to avoid the collision; (d) that the speed of his vehicle was the proximate cause of his collision. We disagree.

The jury had before it the following evidence as to speed: (a) that at the time of the accident it was raining or drizzling and the pavement was wet and slick; (b) appellant's own testimony that he knew that the streets were wet and very slick; (c) appellant's testimony that he was driving between 25 and 30 m. p. h.; (d) testimony by appellee that the speed limit in the area where the accident occurred was 20 m. p. h. and that it was in a school zone area; (e) the introduction into evidence of pictures of two signs, one of which was identified to be on appellant's side of Fredericksburg Road and the other on appellee's side of Fredericksburg Road, in the immediate area of the accident, showing a posted speed limit of 20 m. p. h. between 7:00 a. m. and 4:00 p. m. on Monday through Friday, with each sign being marked "SCHOOL"; (f) uncontroverted testimony that appellant left 66 feet of skid marks; (g) appellant's testimony that he went into a skid upon application of his brakes and lost control of his vehicle; (h) extensive damages to both vehicles; (i) testimony by appellant that he saw appellee making a turn in front of him at a distance between 100 and 150 feet, and that he immediately applied his brakes but still was unable to avoid the collision; (j) testimony that shows that appellant traveled somewhere between 100 and 150 feet while appellee was traveling a relatively short distance, somewhere between 0 feet and 21 feet.

■ It is elementary that a jury is the sole judge of the credibility of the witnesses and the weight to be given their testimony. Leyva v. Pacheco, 163 Tex. 638, 358 S.W.2d 547 (1962). It is also well settled that negligence and causation, like any other ultimate fact, may be established by circumstantial as well as direct evidence. Lynch v. Ricketts, 158 Tex. 487, 314 S.W. 2d 273 (1958); English v. Miller, 43 S.W. 2d 642 (Tex.Civ.App.—Amarillo 1931, writ ref'd); Henry v. Publix Theatres Corp., 25 S.W.2d 695 (Tex.Civ.App.—Dallas 1930, writ ref'd). The jury is not only the judge of the facts and circumstances proven but may also draw reasonable inferences and deductions from the evidence adduced before it. Its findings may not be disregarded under the provisions of Rule 301, Texas Rules of Civil Procedure (1967), if the record discloses any evidence of probative value which, with inferences that may be properly drawn therefrom, will reasonably support the same. Lynch v. Ricketts, supra; Gaitan v. Reyes Salvatierra, 485 S.W.2d 602 (Tex.Civ.App.—San Antonio 1972, no writ); Berlanga v. Elizondo, 463 S.W.2d 757 (Tex.Civ.App.—San Antonio 1971, writ ref'd n. r. e.).

■ Appellant urges that the only positive evidence as to speed is appellant's own

testimony that he was driving between 25 and 30 m. p. h. The jury could reasonably conclude that, under the facts, conditions and circumstances heretofore outlined, a speed of 25 to 30 m. p. h. was excessive and was negligent. Moreover, they were not compelled to believe that appellant was traveling at a speed of 25 to 30 m. p. h., but could, from the testimony and evidence adduced before it, believe that appellant was driving at a greater speed. The jury had before it the testimony that appellant, after applying his brakes, left 66 feet of skid marks, went into a skid and lost control of his car.[1] There was testimony of extensive damages to both automobiles. They also had before them appellant's own testimony that he saw appellee's car making a turn in front of him while he was 100 to 150 feet away, and that although he immediately applied his brakes, he traveled this distance in the same length of time that appellee was traveling a very short distance, somewhere between 0 feet and 21 feet. Under these facts and circumstances, coupled with the fact that it was raining or drizzling, and the pavement was wet and slippery, the jury could reasonably find that appellant was driving at an excessive speed, and was driving at a greater rate of speed than a person using ordinary care would have done under the circumstances.[2] The jury's answer to Special Issue No. 12 is sufficiently supported by the evidence.

Proximate cause is said to consist of two elements: (1) cause in fact—a cause which produces an event; and (2) foreseeability. Baumler v. Hazelwood, 162 Tex. 361, 347 S.W.2d 560 (1961); Hopson v. Gulf Oil Corp., 150 Tex. 1, 237 S.W.2d 352 (1951). With regard to causation, the jury could reasonably believe that if appellant had not been driving at an excessive rate of speed on wet and slippery pavement, he would not have gone into a skid when he applied his brakes and lost control of the car, and could have avoided the accident, either by a faster stop or by taking evasive action. The jury had the further right to believe that, but for appellant's speed, appellee could have traveled the small distance she had to travel to get completely across the street, and no accident would have occurred.

As to the element of foreseeability, the Supreme Court, in Biggers v. Continental Bus System, 157 Tex. 351, 303 S.W.2d 359 (1957), said: "It would be wholly out of keeping with reality to hold that an operator of an automobile traveling on a modern, heavily-traveled public highway cannot and should not, under any circumstances, reasonably foresee that an automobile approaching from an opposite direction may, for some reason, enter the wrong traffic lane and thus be endangered by excessive speed which makes stopping, declaration or turning aside to avoid a collision impossible or more difficult."

We hold that there is sufficient evidence of probative value in the record to support the jury's finding that the speed at which appellant's vehicle was being operated was a proximate cause of collision. The court did not err in refusing to grant appellant's motion to disregard the jury's answers to

---

1. It is well settled that a jury can consider skid marks as an evidence of speed. Akers v. Epperson, 172 S.W.2d 512 (Tex.Civ.App.—San Antonio 1942, no writ). In such case the court held that the evidence was sufficient to support a finding of negligent speed and that such speed was the proximate cause of the collision, where there was testimony that the operator of an ambulance was traveling at a rate of 20 to 25 m. p. h. and there were skid marks of 26 to 28 feet on dry pavement.

2. See Fitzgerald v. Russ Mitchell Constructors, Inc., 423 S.W.2d 189 at 191 (Tex.Civ. App.—Houston [14th Dist.] 1968, writ ref'd

n. r. e.), for a case very similar in facts, where the court stated: "The jury had the further right to believe from the evidence that the speed of 20 to 25 miles per hour on a wet street under the circumstances was not in accord with the act of an ordinarily prudent person under the same or similar circumstances. The fact that she was driving below the speed limit of a presumed 30 miles per hour is not material. This does not relieve her of the common law duty to operate her vehicle at a speed at which an ordinarily prudent person would operate a vehicle under the same or similar circumstances."

Special Issues No. 12 and 13 and in failing to grant judgment for appellant. Nor did the court err in refusing to grant appellant's motion to reconsider, appellant's motion for judgment non obstante veredicto, and appellant's motion for new trial.

All of appellant's points of error have been considered, and all are overruled. The judgment of the trial court is affirmed.