**Frank TAYLOR et ux., Appellant,**

v.

**L. J. BROOKS, Appellee.**

**No. 4376.**

Court of Civil Appeals of Texas.

Waco.

July 15, 1965.

Rehearing Denied Aug. 5, 1965.

Strasburger, Price, Kelton, Miller & Martin, Royal H. Brin, Jr., and A. D. Bynum, Dallas, for appellants.

Andrew Campbell, John O'Neal, Hamilton, for appellee.

WILSON, Justice.

Judgment for plaintiff was rendered in this personal injury action resulting from an automobile collision. Plaintiff's motion to disregard jury findings that he failed to keep a proper lookout, and that the failure was a proximate cause of the collision (as being without support in the evidence) was sustained. We affirm.

Defendants' points attack the order disregarding the two jury findings, urging there is evidence to support them. The emphasis of their argument is directed to whether the finding that plaintiff failed to keep a proper lookout is so supported. This is a question which we need not decide. There is no evidence, in our opinion, to support the finding on proximate cause, which the trial court properly disregarded.

The vehicles of plaintiff Brooks and defendant Mrs. Taylor were traveling toward each other on a paved road, the two lanes of which were separated by a center stripe. The accident occurred on a clear afternoon. There were no obstructions to view. The narratives of plaintiff and defendant are remarkably similar as to the material facts.

Defendant testified she did not see plaintiff's car at any time until just before the collision. "I cannot tell you why," she said. The two cars collided when she turned to her left, undertaking to enter an intersecting road, and intercepted plaintiff's car which was approaching from a direction opposite to her original course. Plaintiff was driving 60–65 miles per hour and testified he observed defendants' vehicle about 300 yards away as he came toward the intersection; that when they were about 150 yards apart defendants' car slowed, continued in motion with its left directional blinker signal light in operation, and then appeared to stop; that he "thought it would stay stopped until we got on past. Then when it was too late for me to do anything, I realized that she had already begun to make a turn." At this time, he testified, "we were just about in the intersection; just about the time I was right in front of her. Defendants' car was across the center stripe in plaintiff's lane at impact. He also testified he "didn't see her start to make the turn," and "didn't see her start to come across until too late."

Defendant testified she had been traveling 65–70 miles per hour until she approached the intersecting road into which she intended to make a left turn; that she then reduced speed as a car approached from behind. "I realized he was going to go around me. I pulled my car over to the right. I was going very slowly." She did not then turn on the turn signal, but waited until the car from the rear passed. "As the car passed me, I turned on my left signal light." She testified she was "in the intersection and beginning a turn to the left. The two front wheels were over on the side of the road to which I was turning" when she first saw plaintiff's car. She was turning to her left "very slowly." She estimated plaintiff's car was then "about 15 feet away." Plaintiff's car was in the center of his proper traffic lane when she saw it. She did not see his vehicle until after she started her left turn and was in the intersection, when she "jammed on" her brakes. Defendant offered no evidence.

Defendant summarizes the asserted deficiency in plaintiff's lookout: "Plaintiff did not observe defendant's automobile from the time it left its own lane of traffic up until the time it was completely in plaintiff's lane of traffic."

From the viewpoint of plaintiff's testimony (which is that most favorable to defendant on this point) and the most favorable defendant's inferences which may be drawn, plaintiff had a maximum period of approximately two seconds in which to take evasive action from the time defendant began a left turn until the time of impact. According to defendant's own testimony plaintiff had even less time available: after she began her turn, crossed about 10 feet of pavement, and was entering plaintiff's lane, his car was about 15 feet away.

The failure to keep a proper lookout can only be deemed a proximate cause where "the keeping of it would have prevented the unfortunate occurrence." Texas & P. Ry. Co. v. Shoemaker, 98 Tex. 451, 84 S.W. 1049, 1051; Gulf C. & S. F. Ry. Co. v. Russell, 125 Tex. 443, 82 S.W.2d 948, 952; Thompson v. Gray, Tex.Civ.App., 219 S.W.2d 831, 833, writ ref. n. r. e. If plaintiff had constantly and unrelentingly focused his eyes on defendants' car from the start of its turn to time of impact, it would have nevertheless been impossible for him to have avoided the collision. Causal relation does not exist. Plaintiff's lookout was not a cause in fact as a matter of law, and the court properly disregarded the proximate cause finding. Affirmed.