Margaret Button HANDS, Appellant,

v.

Sally D. ARKON et vir, Appellees.

No. 8276.

Court of Civil Appeals of Texas,
Amarillo.

Dec. 29, 1972.

Rehearing Denied Jan. 23, 1973.

Underwood, Wilson, Sutton, Heare & Berry, C. A. Stein, Amarillo, for appellant.

Kolander, Templeton & Hamilton, Robert L. Templeton, Amarillo, for appellees.

JOY, Justice.

This case was instituted by Mrs. Sally D. Arkon and her husband, Charles E. Arkon, appellees, to recover for injuries sustained when Mrs. Arkon was struck by an automobile driven by Mrs. Margaret B. Hands, appellant. The jury verdict was favorable to appellees except for the answer to one special issue wherein it was determined that Mrs. Arkon had failed to maintain a proper lookout and such failure was a proximate cause of the accident. Appellees moved for judgment non obstante veredicto contending that there was no evidence to support the jury's answer to the special issue finding that Mrs. Arkon failed to keep a proper lookout. The trial court, agreeing that the special issue in question had no support in the evidence, granted appellees a judgment in accordance with the remaining answers of the jury, from which appellant has prosecuted this appeal. Affirmed.

On the occasion in question both Mrs. Arkon and Mrs. Hands had parked their automobiles on the parking lot involved. The parking lot was divided by a raised sidewalk constructed north and south through the center thereof. Mrs. Hands had parked her vehicle facing west, in the southern most parking space. This placement of her automobile caused it to be bordered by the sidewalk in the front and a raised curbing on the left side. At the time she wished to leave, there was an automobile parked to the right of her vehicle. In attempting to back from the parking space, she found her vehicle to be immobile. Mrs. Arkon, who was crossing the parking lot in order to reach her automobile, told Mrs. Hands that she would help direct her out of the parking space. Apparently the predicament was created by Mrs. Hands' automobile being parked at a slight angle, thereby causing her left rear tire to be resting against the curbing, thus preventing her from backing. In order to give directions to Mrs. Hands, Mrs. Arkon positioned herself on the raised sidewalk in front of the Hands' vehicle. Mrs. Hands accelerated two times without moving the automobile. On her third try the vehicle moved abruptly forward, knocking Mrs. Arkon to the ground, causing her to sustain bodily injuries.

Appellant, in her first point, contends that the trial court erred in granting appellees' motion to disregard jury findings of contributory negligence and proximate cause and in rendering judgment non obstante veredicto. This allegation of error is based on the argument that the evidence supports the jury findings. Our review is therefore limited to only those facts in support of the jury's verdict.

Appellant contends that the circumstances creating appellant's difficulties were such that Mrs. Arkon should have been cognizant of the attendant dangers presented by the situation. Appellant argues that Mrs. Arkon's positioning herself in front of appellant's automobile was a manifestation of Mrs. Arkon's failure to

advert to the existing danger that the automobile might move forward. Also, appellant contends that Mrs. Arkon, after placing herself in front of the automobile, failed to observe any circumstances or movements of the car which would indicate that the vehicle would move forward.

■ The evidence reveals that Mrs. Arkon placed herself in front of appellant's automobile in order to direct appellant out of the parking space. Although Mrs. Arkon stationed herself in front of the vehicle, she was on a raised sidewalk, which is commonly used by pedestrians and regarded as a safe place to walk or stand. This is particularly true since she had every reason to believe appellant's vehicle would be put in a backward motion and not a forward motion. Even if Mrs. Arkon was fully aware of all the surrounding circumstances giving cause to appellant's difficulty, which she may have been, there was no evidence that would cause her to anticipate the real danger causing her injuries, i. e., that the appellant would drive forward onto the sidewalk where Mrs. Arkon was standing. It is axiomatic that a person is not bound to anticipate negligent or unlawful conduct on the part of another. Texas & N. O. R. Co. v. Brannen, 140 Tex. 52, 166 S.W.2d 112 (1942). There is no evidence in the record that, after Mrs. Arkon had so positioned herself, she did anything other than give directions to appellant. The factual composition of the case as constructed from the testimony of the only two witnesses to the occurrence, Mrs. Hands and Mrs. Arkon, is such that there is no evidence that the automobile moved forward at any time prior to the time it struck Mrs. Arkon. A jury finding that there was such movement would be conjectural and premised only on surmise and speculation. Therefore, we hold that there was no danger for which Mrs. Arkon should have maintained any different lookout than she did, prior to the time she was struck. Even assuming that Mrs. Arkon, after positioning herself in front of the

automobile, failed to maintain a constant surveillance of the automobile which struck her, there is no evidence that such failure was a proximate cause of her injuries. It is well settled that the failure to keep a proper lookout can only be deemed a proximate cause where the keeping of it would have prevented the unfortunate occurrence. Texas & P. Ry. Co. v. Shoemaker, 98 Tex. 451, 84 S.W. 1049 (1905); Taylor v. Brooks, 392 S.W.2d 878 (Tex.Civ.App.— Waco 1965, writ ref'd n. r. e.). Due to the close proximity of appellant's automobile to Mrs. Arkon at the time of the sudden forward lurch of the automobile, even if Mrs. Arkon had constantly and unrelentingly focused her eyes on appellant's vehicle from the time it started its forward motion, it would have been impossible for her to have avoided the accident. Therefore, as stated in Taylor v. Brooks, supra, p. 880,

> "(p)laintiff's lookout was not a cause in fact as a matter of law, and the court properly disregarded the proximate cause finding."

Accordingly, the appellant's first point of error is overruled.

■■ Appellant, by her second point of error, alleges error on the part of the trial court in failing to submit requested issues embodying the defense of volenti non fit injuria. The issues as requested were not cast in such a form as to inquire into the four elements which the Supreme Court has held proper in submitting the volenti defense. The four requisites are: (1) the plaintiff has knowledge of facts constituting a dangerous condition or activity; (2) he knows the condition or activity is dangerous; (3) he appreciates the nature or extent of the danger; and (4) he voluntarily exposes himself to the danger. J. & W. Corporation v. Ball, 414 S.W.2d 143 (Tex. Sup.1967). However, assuming arguendo that the requested issues were properly drawn, we find no evidence in the record which would support favorable answers to

**636**

appellant. It is clear from the record that Mrs. Arkon anticipated a backward movement of the appellant's vehicle and was not in possession of facts that would lead her to believe that appellant would drive her automobile forward up on the sidewalk where she was standing in an attempt to assist the appellant. Appellant's own testimony reflects that appellant thought the vehicle was in reverse at the time of attempted movement. As a matter of law there existed no dangerous condition or activity that appellee could have been cognizant of or appreciated. See McCarty v. Purser, 379 S.W.2d 291 (Tex.Sup.1964). The trial court's refusal of the appellant's requested issues was proper.

■ Next, appellant asserts error by the trial court in refusing to submit requested issues inquiring whether or not appellee Mrs. Arkon failed to move to a place of safety as a person using ordinary care would have done under the same or similar circumstances and whether such failure was a proximate cause of the injuries of Mrs. Arkon. What we have said under the appellant's first two points is applicable here. Mrs. Arkon testified that when the automobile moved forward she jumped to her right. As hereinabove stated the vehicle which struck Mrs. Arkon was within a few feet or less from her prior to the accident. It necessarily follows that when the vehicle moved abruptly forward that it would have been impossible for Mrs. Arkon to take any more evasive action than she did. The time lapse from the moment the dangerous force was put in motion until the accident occurred was insufficient for Mrs. Arkon to move herself and thereby avoid being struck by the vehicle. We hold that as a matter of law her failure to move to a place of safety under the circumstances of this case was not a proximate cause of the injuries sustained.

The judgment of the trial court is affirmed.