Dora H. CASEY, Appellant,

v.

William S. STANDISH, Appellee.

No. 8349.

Court of Civil Appeals of Texas,
Amarillo.

March 19, 1973.

Rehearing Denied April 16, 1973.

**630**

Stokes, Carnahan & Fields, Richard L. Wilcox, Amarillo, for appellant.

Sanders, Scott, Saunders, Brian & Finney, Joseph M. Pritchard, Amarillo, for appellee.

JOY, Justice.

This is a suit for injuries sustained as a result of an intersection collision. From a judgment entered in favor of plaintiff, William S. Standish, the defendant, Dora H. Casey, has perfected this appeal. Affirmed.

Appellee alleged that appellant had been negligent in that she had entered the intersection when the traffic light facing her was red and that she failed to maintain a proper lookout, both of which were a proximate cause of the collision and of appellee's injuries. Appellant by way of a counterclaim alleged that appellee had been guilty of negligence in that he had entered the intersection when the traffic signal light facing him was red and that appellee had failed to maintain a proper lookout, both of which were a proximate cause of appellant's injuries and of the collision.

Following a jury trial, the court submitted the case to the jury upon special issues. The jury found that neither party was, at the time immediately prior to the collision, traveling at an excessive rate of speed. It found that the appellant had entered the intersection when the traffic signal light facing her was red, and that she had failed to maintain a proper lookout which was a proximate cause of the collision. The jury also found in answer to Special Issue 5(a) that appellee had failed to maintain a proper lookout, and in answer to Special Issue 5(b) it found that such failure was a proximate cause of the collision.

After the verdict and answers of the jury were received and accepted by the court, the appellee filed his motion to disregard the jury's findings on Special Issues 5(a) and 5(b) in that such findings had no support in the evidence. Such motion was granted by the court and judgment was rendered for the appellee upon the remainder of the jury's findings. Appeal was duly perfected from that judgment.

Appellant has only one point of error on appeal, that being that the trial court erred in disregarding the jury's finding as to Special Issues 5(a) and 5(b) and entering a judgment for the appellee on the remainder of the verdict.

". . . the court may render judgment non obstante veredicto if a directed verdict would have been proper, and provided further that the court may, upon like motion and notice, disregard any Special Issue Jury Finding that has no support in the evidence." Rule 301, Texas Rules of Civil Procedure.

A directed verdict and a judgment non obstante veredicto may be rendered only where there is no evidence of probative force. When considering "no evidence" points, the evidence is to be viewed in a light most favorable to the jury findings of fact, considering only the evidence and reasonable inferences which support the findings and rejecting the evidence and reasonable inferences which are contrary to the findings. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609 (1950).

After a careful reading of the statement of facts we have determined that there is no direct evidence to support the jury's findings that appellee failed to keep a proper lookout. The only direct evidence concerning appellee's lookout came from appellee himself. Appellee testified that he looked both directions and at the light prior to entering the intersection and did

not see appellant's vehicle. Appellant urges that circumstantial evidence sustained the jury's holding of improper lookout upon the part of appellee. We have reviewed the record from that standpoint. Appellant contends that such a conclusion is justifiable in light of the respective speeds of the two vehicles, their location in the intersection at impact, and the fact that appellee's vehicle struck the left rear portion of appellant's vehicle.

■■■ The evidence most favorable to the appellant would indicate that she was traveling at a speed of approximately 20 miles per hour and that appellee was traveling at a speed of between 20 to 25 miles per hour. The appellant testified that she was struck by appellee's vehicle after she had traveled between one and two car lengths into the intersection. It was uncontroverted that appellee's vehicle struck appellant's vehicle in the left rear fender. Assuming, without so holding, that there was some circumstantial evidence from which the jury could have inferred that the appellee failed to maintain a proper lookout, was there any evidence of probative force that such failure to maintain a proper lookout was a proximate cause of the collision? Proximate cause contains two distinct elements, both of which must be present: (1) there must be a cause in fact, a cause which produces an event and without which the event would not have occurred, and (2) foreseeability. Baumler v. Hazelwood, 162 Tex. 361, 347 S.W.2d 560 (1961). Assuming that appellee had been maintaining a proper lookout, could he have foreseen the collision in time to have prevented it? McCauley v. Lasher, 368 S.W.2d 49 (Tex. Civ.App.—Texarkana 1963, writ ref'd n. r. e.). The law seems to be settled in Texas that a driver who enters an intersection with the protection of a traffic signal or a stop sign is not bound to anticipate that other drivers who are required to stop will engage in negligent or unlawful acts, but that he cannot close his eyes and proceed blindly and in disregard of dangers which might reasonably be anticipated to exist. De Winne v. Allen, 154 Tex. 316, 277 S. W.2d 95 (1955).

■■ The jury found, and such finding is not attacked on appeal, that appellant entered the intersection when the traffic signal light facing her was red. There is no evidence in the record to indicate any conduct on the part of appellant that would have put appellee on notice that appellant would ignore the red light. Appellee was under no duty to take any evasive action until after appellant entered the intersection. Once it was shown that appellant entered the intersection or that appellee should have observed that appellant was not going to obey the signal, it must also have been shown that appellee had time to take action to avoid the collision. Samford v. Duff, 483 S.W.2d 517 (Tex.Civ.App.— Corpus Christi 1972, writ ref'd n. r. e.). It is recognized as a matter of law that the time required for a normal driver to react to danger is three-fourths of a second. Murphy v. Whitehurst, 300 S.W.2d 758 (Tex.Civ.App.—San Antonio 1957, writ ref'd n. r. e.). It is a physical fact that at a speed of 20 miles per hour, as appellant testified that she was traveling, she would have traveled some 22.75 feet into the intersection from the time appellee's duty might have arisen and the first time the appellee could have reacted. The only evidence as to the distance appellant traveled into the intersection prior to the collision was by appellant. She testified that the impact occurred prior to the time her automobile had traveled two car lengths into the intersection. There is no evidence as to this exact distance. The failure to keep a proper lookout can only be deemed a proximate cause where the keeping of a proper lookout would have prevented the collision. Taylor v. Brooks, 392 S.W.2d 878 (Tex.Civ.App.—Waco 1965, writ ref'd n. r. e.). Here there is no evidence, either direct or circumstantial, in the record that would reflect that the collision could have been avoided at the moment appellee could have or should have observed the appellee's

vehicle. Thus, the finding of contributory negligence against the plaintiff was properly disregarded.

The judgment of the trial court is affirmed.