**Vivian Ruth PITTMAN, Appellant,**

v.

**Jesus LICERIO, Appellee.**

No. 767.

Court of Civil Appeals of Texas, Corpus Christi.

May 31, 1973.

Rehearing Denied June 21, 1973.

Robert J. Seerden, Victoria, for appellant.

Cullen, Carsner, Edwards & Williams, Donald A. Edwards, Victoria, for appellee.

## OPINION

NYE, Chief Justice.

Vivian Pittman brought suit against Jesus Licerio for personal injuries resulting from an intersectional automobile collision in Victoria. The jury convicted the defendant of two acts of negligence which were a proximate cause of the collision and found contributory negligence on the part of the plaintiff. Trial court entered a take nothing judgment from which the plaintiff appeals.

The evidence showed that the plaintiff was proceeding west on Convent Street in Victoria and the defendant was proceeding south on Cameron Street. The intersection of Convent and Cameron was controlled by a stop sign facing the defendant. The plaintiff had the right of way. The defendant's vehicle struck the plaintiff's car on the right hand side, causing her car to veer to the left, and into a tree. Plaintiff sustained serious permanent injuries. Specifically the jury found that the defendant's failure to yield the right of way was negligence; that the defendant failed to keep a proper lookout; and that both acts were a proximate cause of the collision in question. The jury found that the plaintiff failed to keep a proper lookout and that such failure on her part was a proximate cause of the collision.

Appellant has four points of error on appeal. The first two complain of no evidence and insufficient evidence to support the jury's finding that the plaintiff's failure to keep a proper lookout was a proximate cause of the collision. His third and fourth points complain of no evidence or insufficient evidence to the jury's answer to certain damage issues. The rules governing consideration of no evidence and insufficient evidence points have been repeated many times. They are well stated by the Honorable Robert W. Calvert in 38 Tex.Law Rev. 361 "No Evidence" and "Insufficient Evidence". Following the guidelines to these familiar rules we have reviewed the entire record that is before us. We therefore analyzed all of the evidence on both sides of the issue in a brief and general way.

The defendant stated that he approached the stop sign governing his entrance to the intersection and stopped his vehicle. He looked to the left toward the plaintiff's vehicle. He stated that he saw the plaintiff a block away crossing the railroad track and watched her as she approached the intersection. He stated that as he observed the plaintiff, it appeared to him that she was looking in the rear view mirror fixing her hair. He stated that her car veered to the left and seemed to slow down. The defendant stated that he thought the plaintiff was going to stop because she went to her left and her car went slower. He testified that he was still at the stop sign when the plaintiff was going to her left and that when the plaintiff went completely to her left, he thought she was going to stop and that is when he went on and hit her. He said the plaintiff kept looking into the mirror until the wreck happened. " . . . When she finally saw me she went to turn to the left and hit a tree." At another place in the testimony the de-

fendant stated that "I found out she was not going to stop when she had already crossed the stripe on the road." "Q What did you do then? A I put on my brakes."

The defendant admitted the plaintiff saw him, but said " . . . we were already real close." "You were still stopped at the stop sign? A Yes, I was until I saw her completely on the left corner. I thought she was going to stop and that is when I went. Q She had gotten up to the corner here? A She had. She was already at the line. . . . Q So that when her car was just at the corner of the intersection. A Yes, when I left, she was there and I left because she was coming real slow."

It was uncontroverted that both Convent and Cameron Streets were just wide enough for two cars to go by one in each direction. The time of the accident was 9:45 in the morning. The weather was cloudy and the streets were dry. The plaintiff testified that she was travelling down Convent Street going 15 m.p.h. She said: "and as I got to Cameron Street there were no controls on Convent Street, and I looked to the right and then to the left and then to the right again and then I proceeded across and when I looked back to the right there was a car up on me and it was coming fast, and it was right on me, so I immediately applied my brakes but I didn't get across in time. I was hit."

The plaintiff testified that she was driving on the right hand side of the road and that she would have to be between 15 and 18 feet from the intersection in order to look down Cameron Street because of obstructions. "You have to be fairly close to the intersection before you can see down the street." She stated that when she first saw him he was right at the stop sign. She testified that her first reaction was to speed up assuming that the defendant was going to stop or slow down.

The defendant's negligence was uncontradicted. His negligence being a proxi-

mate cause of the collision is not disputed on appeal. The plaintiff's only act of negligence was her failure to keep a proper lookout, but we do not believe such failure was a proximate cause of the collision.

The rule of law that is applied in a situation such as we have before us was well stated in Thornton v. Campise, 459 S.W.2d 455 (Tex.Civ.App.—Houston 14th Dist. 1970, n. r. e.):

" . . . In an intersection collision the driver with the right of way is under a duty to take evasive action (or his failure to take evasive action is negligence) only after the other driver without the right of way has done something which would alert a reasonably prudent person to the danger of a collision if evasive action is not taken. Skyline Cab Company v. Bradley, Tex.Civ.App., 325 S.W.2d 176, n. r. e. Also, as related to an intersection collision, the driver with the right of way ordinarily has a duty to keep a lookout for other vehicles entering the intersection and his failure to do so is negligence, but such failure to keep a proper lookout is a proximate cause of the collision only if such lookout would have revealed something on the part of the other vehicle that, if seen, would have alerted him to the danger of a collision at such time or distance that proper evasive action taken by him would have prevented it. That is to say, the situation must be such that the collision would not have occurred 'but for' his failure to keep a proper lookout. . . . "

In order for plaintiff's failure to keep a proper lookout to be a proximate cause of the collision in question it must have been an actual cause thereof. In other words it must have been negligence "but for" which the collision would not have occurred. In order for plaintiff's failure to keep a proper lookout to be a proximate cause of the collision in question she must have failed to see something that she should have seen and which would have

alerted her to the danger that the defendant might have either run the stop sign or having stopped, proceeded on into the intersection under such circumstances that the plaintiff could have avoided the collision.

First we consider the defendant's version of the way the accident happened. He started up from the stop sign as she was entering the intersection on the left side. Her duty to take evasive action began at the time the defendant started up and moved into the intersection. Considering the time, distance and speed of the two vehicles we do not believe plaintiff could have done more than she did to have avoided the collision.

On the other hand we consider plaintiff's version of the accident. She stated that you would have to be very close to the intersection (approximately 15–18 feet) before you could observe the defendant's vehicle coming from the right. Even at that point she was entitled to believe that he would stop. But after having determined that he was travelling too fast and that he was not going to stop, the plaintiff was then obliged to take evasive action in order to prevent the collision. Again he believed that it was too late for her to have avoided the collision.

Proximate cause includes two essential elements: foreseeability and cause in fact. Both elements must be shown by the evidence to exist in order to sustain a jury's finding that plaintiff's failure to keep a proper lookout was a proximate cause of the collision. Samford v. Duff, 483 S.W.2d 517 (Tex.Civ.App.—Corpus Christi 1972 n. r. e.). Having considered all of the evidence, we hold that the jury's finding on proximate cause is so contrary to the great weight and preponderance of the evidence as to be clearly wrong. Appellant's second point is sustained.

The jury's answer of "none" to the damage issues concerning physical pain and mental anguish in the past; and in the future; and as to the loss of earnings in the past, are also against the great weight and preponderance of the evidence as to be clearly wrong. The plaintiff suffered a fractured leg at the knee and was totally disabled and unable to work for at least 2½ months following the collision. The doctor testified that her injuries were permanent. There was virtually no evidence contradicting these facts. Appellant's fourth point is also sustained.

The judgment of the trial court is reversed and the cause is remanded for new trial.

Reversed and remanded.