Elton **WILLIAMS** et ux., Appellants,

v.

Robert I. **HILL**, Appellee.

No. 702.

Court of Civil Appeals of Texas, Tyler.

June 14, 1973.

Rehearing Denied July 12, 1973.

Frank L. Branson, Bert Bader, Bader, Wilson, Menaker & Cox, Dallas, for appellants.

Arlen D. Bynum, Atwell, Malouf & Musslewhite, Dallas, for appellee.

McKAY, Justice.

This is an appeal from a take nothing judgment against appellants who were plaintiffs in the trial court. Appellants contend there was error in the trial court submitting certain special issues on contributory negligence, and also in the court's failure to disregard the jury's answers to those issues, and the failure to grant appellants' motion for new trial.

The cause of action arose from an automobile collision at the intersection of Illinois Street and Zangs Boulevard in Dallas in which collision plaintiff, Mrs. Julia Williams, was injured. Both Illinois and Zangs have three traffic lanes in each direction, and the record shows Illinois is divided by a median with left turn lane at the intersection. Mrs. Williams was traveling east in the outside or curb lane of Illinois. The center lane on Illinois, immediately to Mrs. Williams' left, was occupied by a pickup truck with a camper mounted upon it and was driven by Charles Bragg. The inside lane to the left of Bragg was occupied by an automobile in which Sterling Steves was a passenger.

Defendant Hill was proceeding south on Zangs in either the outside or curb lane or the center lane. As the light changed to green for traffic going east on Illinois defendant was proceeding south on Zangs across the intersection at a speed estimated to be from forty-five to fifty-five miles per hour. The three vehicles going east on

Illinois began to move forward after they had a green signal. Defendant was approaching from their left, and when the driver of the Steves' car saw defendant approaching from the north he stopped his vehicle quickly to permit defendant to pass in front of him. Bragg, driver of the camper pickup likewise saw defendant's car in time to stop his vehicle suddenly before colliding with defendant and permitted defendant to pass in front of him. Mrs. Williams could not see defendant until she proceeded into the intersection beyond the point where the camper pickup had stopped, and then when she did so proceed, her vehicle collided with defendant's car and she suffered injuries.

Trial was to a jury and defendant was found guilty of negligence for excessive speed, for failure to keep a proper lookout, for failure to turn to the left, and for failure to timely apply his brakes, and each of these acts was found to be a proximate cause of the collision and plaintiff Williams' injuries. The jury, in issues 16 and 17, found plaintiff Williams failed to make such application of her brakes as a person using ordinary care would have made and that such failure was approximate cause.

Plaintiffs objected to the submission of issues 16 and 17, and filed a motion to disregard the jury's answers after the verdict. Plaintiffs contended in the trial court, as they now do here, that there was no evidence or insufficient evidence to support the submission of said issues or to support the jury's answers. The trial court overruled plaintiffs' motion and rendered a take nothing judgment.

By their first six points appellants complain that the trial court erred in submitting issues 16 and 17 to the jury, and in point seven complain of the trial court's overruling their motion to disregard the jury findings and enter judgment for plaintiffs. We sustain these points.

We have concluded that the crucial issues are whether plaintiff Williams, under the record presented here, had sufficient time to take evasive action to avoid the collision, and whether her failure to apply her brakes was a proximate cause of the collision.

■ In considering no evidence points, the evidence is to be considered in the light most favorable to the jury findings, considering only the evidence and reasonable inferences which support the findings and rejecting the evidence and reasonable inferences which are contrary to the findings. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609 (1950).

There were only four witnesses to the accident who testified. Plaintiff, Mrs. Williams, testified that she proceeded at approximately seven to ten miles per hour into the intersection on a green light; that there was traffic in the two lanes to her left but she does not remember whether they moved; that as she moved ahead of the traffic to her left she saw defendant's car at approximately the median in the outside or far right lane of Zangs proceeding south toward her; that she does not remember whether she applied her brakes, and that after she saw defendant's car she does not remember anything further. Mrs. Williams received an injury to her head.

The witness Bragg, who was driving the pickup with camper in the middle lane to the left of plaintiff, testified that the light was green before he reached the intersection and he slowed to about five miles per hour; that Mrs. Williams came up beside him and either stopped or was proceeding slower than he was; that when defendant's car proceeded across the intersection he stopped his pickup quickly in order to avoid a collision and defendant went in front of him; that defendant's car was at the median when he first saw him, and he (Bragg) was proceeding faster than Mrs. Williams; that he did not hear any brakes being applied and saw no evidence that Mrs. Williams ever applied her brakes. He also testified that his pickup camper was sitting almost parallel with Mrs. Williams' car and she could not see through

his truck; that defendant's car was going the full speed limit (45); *that it was just a second after Mrs. Williams came out from behind his camper before the impact.*[1]

The witness Steves, who was a passenger in the car on the inside lane, testified that when the light changed his car began to move forward but when they noticed defendant's car they slammed on the brakes and defendant went in front, and that probably a quarter to a half of their car was into the intersection; that he did not hear any brakes being applied and saw no evidence of brakes being applied; that defendant was traveling 45 to 55 miles per hour and traveling in either the middle or outside lane, probably the middle lane; that defendant's car after the collision traveled more than one hundred feet before stopping; that he estimated that *it took only two seconds for the defendant to move from where he first saw him to the point of collision.*[1]

Defendant Hill testified he could not see Mrs. Williams' car "until she shot out there" *just a second before impact,*[1] and that she could not have seen him and he could not see her. He also testified the signal light was yellow when he entered the intersection.

It will be noted from the quoted testimony that the witness Bragg and the defendant testified it was "just a second" after Mrs. Williams' vehicle and defendant's car came within view of each other that the collision occurred. The witness Steves testified that it took only two seconds for defendant to travel from the point where he first saw him to the point of the collision.

■ Mrs. Williams, proceeding with the traffic on a green light, had a right to assume that all vehicles approaching the intersection would not be negligent or violate traffic laws, and no duty devolved upon her to anticipate such negligence or violation. De Winne v. Allen, 154 Tex. 316, 277 S.W.2d 95 (1955); Perkins v.

Hale, 396 S.W.2d 149 (Tex.Civ.App.—Tyler, 1965, wr. ref'd n. r. e.). Contributory negligence is not established by evidence which is equally consistent with the exercise of care by plaintiff, or where the inference of the care is just as reasonable as is the inference of the absence thereof. Polasek v. Quinius, 438 S.W.2d 828 (Tex. Civ.App.—Austin, 1969, wr. ref'd n. r. e.); Mills v. Thomas, 435 S.W.2d 593 (Tex. Civ.App.—Tyler 1968, wr. ref'd, n. r. e.).

■ If defendant was traveling on Zangs at the rate of 45 miles per hour he would have traveled approximately sixty-six (66) feet per second; at fifty (50) miles per hour—approximately seventy-three (73) feet per second; and at fifty-five (55) miles per hour—approximately eighty (80) feet per second. Judicial notice has been taken of the fact that three-fourths of one second is human reaction time. Thornton v. Campise, 459 S.W.2d 455 (Tex.Civ.App.—Houston, 14th, 1970, wr. ref'd n. r. e.). From the record it appears that Mrs. Williams could not have made any application of her brakes within one second which would have prevented the accident. Within that one second, or less than one second, defendant's vehicle was at or about the place of collision. If Mrs. Williams took no evasive action or made no application of her brakes, it was the burden of defendant to show that she saw defendant in time to take evasive action, that having time to take evasive action she failed to do so, and that by taking such evasive action the accident would have been avoided. Pace v. Gutierrez, 492 S.W.2d 356 (Tex.Civ.App.—Amarillo, 1973, n. w. h.). To establish proximate cause both causation in fact and foreseeability must be shown to exist, and that act or omission must be one but for which the collision would not have occurred and the causal connection must be proved beyond the point of conjecture, for mere speculation or surmise is not sufficient. Pace v. Gutierrez, supra; Ussery v. Hodges, 417

I. Emphasis added.

S.W.2d 332 (Tex.Civ.App.—Tyler, 1967, wr. ref'd, n. r. e.). We find no evidence in the record of sufficient probative force that had plaintiff Williams been able to apply her brakes within the one second after she saw defendant approaching, that such action would have avoided the accident. A failure to apply her brakes can only be deemed a proximate cause where doing so would have prevented the accident.

Proximate cause consists of two elements, both of which must be present, (1) there must be a cause in fact, a cause which produces an event and without which the event would not have occurred, and (2) foreseeability. Casey v. Standish, 492 S.W.2d 629 (Tex.Civ.App.—Amarillo, 1973, n. w. h.). Assuming, arguendo, that plaintiff could have made an application of her brakes within the one second, her failure to do so would not be a proximate cause unless it would have prevented the accident. Taylor v. Brooks, 392 S.W.2d 878 (Tex.Civ.App.—Waco, 1965, wr. ref'd n. r. e.); Casey v. Standish, supra.

We believe that Mrs. Williams' failure to apply her brakes under the record in this case could not have been a proximate cause of the collision and her injuries. Therefore, viewing the evidence in the record in a light most favorable to the jury findings, we hold that there was no evidence of sufficient probative force to support the findings of the jury in issues 16 and 17, and the trial court should not have submitted them, but, having submitted them, he should have disregarded the jury's answers to them in rendering his judgment.

Appellants' other points are not reached.

It is incumbent upon this court to render the judgment the trial court should have rendered. Rule 434, Texas Rules of Civil Procedure. The jury found defendant guilty of four acts of negligence, each of which they found to be a proximate cause. Excluding issues 16 and 17 the jury did not find Mrs. Williams guilty of any negligence. Therefore, the judgment of the trial court is reversed and judgment is here rendered for plaintiffs for Fifteen Thousand One Hundred Thirty One and No/100 ($15,131.00) Dollars, being the damages as found by the jury.

Reversed and rendered.