Arthur CLIFTON, Jr. et ux., Appellants,

v.

WILSON INDUSTRIES, INC. et al., Appellees.

No. 8723.

Court of Civil Appeals of Texas, Texarkana.

Oct. 2, 1979.

Rehearing Denied Oct. 30, 1979.

Richard Warren Mithoff Jr., Jamail & Kolius, Houston, for appellants.

Gay C. Brinson, Jr., Vinson & Elkins, Houston, for appellees.

HUTCHINSON, Justice.

This is a suit for damages for personal injuries sustained by appellant, Nada Clifton, in an automobile accident at a street intersection controlled by traffic signal lights. Appellee, George Gebert, an employee of appellees, Wilson Industries, Inc. and Wilson Downhole Engineering, a Division of Wilson Industries, Inc., was the operator of the adverse motor vehicle.

The accident occurred in Odessa at the intersection of Eighth Street and West County Road. Eighth Street, consisting of five lanes and a left turn lane, runs generally east-west and West County Road, also having five lanes and a left turn lane, runs approximately north-south. The two streets intersect at a right angle. The signal light permitting a left turn from Eighth Street south on West County Road is synchronized with the signal light permitting a left turn north from Eighth Street to West County Road. A witness, Mrs. Spears, had stopped in obedience to a red light in the left turn lane on Eighth Street headed east in order to turn north on West County Road. Appellant, Nada Clifton, headed west on Eighth Street, had stopped in response to a red stop light in the left turn lane to turn south on West County Road. Mrs. Spears, after the lights facing her and the appellant changed to green, looked to her left and right and on the count of four started her left turn. At this time she saw appellee's car entering the intersection and she blew her horn in an effort to alert the appellant. Appellant after the light fronting her had changed to green looked to her left and to her right but never saw appellee's vehicle prior to impact. Appellee was driving at a speed of 30 to 35 miles per hour as he approached the intersection, the speed limit being 40 miles per hour. Appellee was driving in the curb lane as he entered the intersection and the collision occurred in that lane. He had traveled approximately 17 to 21 feet into the intersection and appellant had traveled not more than 10 to 15 feet into the intersection at the time of impact.

In response to special issues the jury found that Appellee Gebert entered the intersection against a red light which was a proximate cause of the collision; that he failed to keep a proper lookout which was a proximate cause of the collision; that appellant did not enter the intersection against a red light, but that she failed to keep a proper lookout which was a proximate cause of the collision.

The collision giving rise to the suit having occurred prior to September 1, 1973, the effective date of comparative negligence in Texas, judgment that appellant take nothing was entered.

This appeal is based upon appellant's contention that the jury's findings of failure to keep a proper lookout on her part and that such failure was a proximate cause of the collision have no support in the evidence, or alternatively, are supported by insufficient evidence, or alternatively, are against the great weight and preponderance of the evidence. Appellant seeks to have the judgment reversed and rendered.

 In the consideration of appellant's "no evidence" points only the evidence and any reasonable inferences which tend to support the jury answers can be considered and all evidence and inferences contrary thereto must be disregarded. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965); *Renfro Drug Co. v. Lewis*, 149 Tex. 507, 235 S.W.2d 609 (1950). The "against the great weight and preponderance of the evidence" points require the review and consideration of all of the evidence. *In Re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951).

 It is well established that a person is not in law required to anticipate negligent or unlawful conduct on the part of another, *DeWinne v. Allen*, 154 Tex. 316, 277 S.W.2d 95 (1955); *Bodine v. Welder's Equipment Company*, 520 S.W.2d 407 (Tex. Civ.App. Corpus Christi 1975, writ ref'd n. r. e.); and that a motorist entering a controlled traffic signal light intersection on a green light has a right to assume that an-

other motorist approaching the intersection on an intersecting street faced with a red stop signal light will stop and not enter the intersection in disobedience of the red signal. *DeWinne v. Allen*, supra; *Bodine v. Welder's Equipment Company*, supra; *Samford v. Duff*, 483 S.W.2d 517 (Tex.Civ.App. Corpus Christi 1972, writ ref'd n. r. e.); *Perkins v. Hale*, 396 S.W.2d 149 (Tex.Civ. App. Tyler 1965, writ ref'd n. r. e.); *Cox v. City of Amarillo*, 391 S.W.2d 494 (Tex.Civ. App. Amarillo 1965, writ ref'd n. r. e.). However, such a motorist is not entitled to close his eyes to that which is plainly visible to a person of ordinary prudence similarly situated and can indulge in such assumption only until he sees or should see that the other vehicle on the intersecting street has not obeyed or is not going to obey the stop signal. *Seinsheimer v. Burkhart*, 132 Tex. 336, 122 S.W.2d 1063 (1939); *Lynch v. Ricketts*, 158 Tex. 487, 314 S.W.2d 273 (1958); *DeWinne v. Allen*, supra; *Samford v. Duff*, supra; *Casey v. Standish*, 492 S.W.2d 629 (Tex.Civ.App. Amarillo 1973, no writ).

■ The record here contains sufficient evidence to support the jury finding that appellant failed to keep a proper lookout. Her testimony was that she looked but did not see. Yet the evidence reveals no obstructions blocking her view from her stopped position at the intersection and that she traveled into the intersection only 10 to 15 feet before being struck by the vehicle of Appellee Gebert. Mrs. Spears, from her stopped position at the traffic light, observed the approach of the Gebert vehicle and the collision which occurred 17 to 21 feet into the intersection. This is an indication that Gebert was in close proximity to the entrance of the intersection when appellant was in a stopped position. From this the jury had ample evidence to conclude that appellant should have seen the approach of the adverse vehicle and that her failure to do so constituted negligence on her part. The fact that she had the right of way does not permit her to drive into a path of danger and escape a finding that she failed to exercise the care of a ordinary prudent person. *Samford v. Duff*, supra; *Skyline Cab Co. v. Bradley*, 325 S.W.2d 176 (Tex.Civ.App. Houston 1959, writ ref'd n. r. e.); *Checker Cab Co. v. Wagner*, 199 S.W.2d 791 (Tex.Civ.App. El Paso 1946, no writ).

■ "Proximate cause" in Texas includes two essential elements: (1) foreseeability and (2) cause in fact, both of which must be shown to exist. *Baumler v. Hazelwood*, 162 Tex. 361, 347 S.W.2d 560 (1961); *Bodine v. Welder's Equipment Company*, supra; *Casey v. Standish*, supra; *Polasek v. Quinius*, 438 S.W.2d 828 (Tex.Civ.App. Austin 1969, writ ref'd n. r. e.). In order for a negligent act or omission to be a "cause in fact" it must be one "but for which" the accident or injury would not have occurred; that is, the proof must show that the act or omission produced the event and without such act or omission the event would not have occurred. *Baumler v. Hazelwood*, supra; *Hopson v. Gulf Oil Corp.*, 150 Tex. 1, 237 S.W.2d 352 (1951); *Thornton v. Campise*, 459 S.W.2d 455 (Tex.Civ.App. Houston-1st Dist. 1970, writ ref'd n. r. e.). If appellant by the keeping of a proper lookout had seen Appellee Gebert's vehicle she could have remained in the stopped position and thereby have avoided the accident and her failure to do so was a "cause in fact" of the accident. The speed and the failure to decrease such speed as a vehicle approaches an intersection is usually the factor that alerts others that it is likely to enter the intersection regardless of the right of way. Had appellant observed the approach of the appellee vehicle and noted its speed, she could have reasonably foreseen the likelihood of its failing to stop in obedience to the red light before moving from her stopped position. Therefore, the foreseeability element of proximate cause was established. A person of ordinary intelligence and care would have anticipated the resulting accident by then moving into the intersection. *Clark v. Waggoner*, 452 S.W.2d 437 (Tex.1970); *Bell v. Campbell*, 434 S.W.2d 117 (Tex.1968); *Bodine v. Welder's Equipment Company*, supra.

The judgment of the trial court is affirmed.