Debra WHITEHEAD, Appellant,

v.

Victor TOBIAS and MS Carriers, Inc., Appellees.

No. 06–98–00176–CV.

Court of Appeals of Texas, Texarkana.

Submitted July 1, 1999.

Decided Oct. 27, 1999.

Opinion Overruling Rehearing Dec. 2, 1999.

Joe B. Young, Patton, Nix & Young, Longview, for appellant.

John M. Smith, Harbour, Smith, Harris & Merritt, Longview, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice GRANT.

Debra Whitehead appeals from a summary judgment granted to Victor Tobias and MS Carriers, Inc. in Whitehead's action against them for negligence.

Whitehead was riding in an automobile traveling eastbound in the left lane of a divided highway. Tobias was driving a tractor trailer traveling eastbound in the right lane. Darryl Ring, who has been severed from this action, drove down an entrance ramp, onto the highway and into the right lane in which Tobias was driving. Ring did not merge at highway speed, but was moving substantially slower than Tobias's truck. The highway crosses a bridge at the end of the entrance ramp, so there is no shoulder. Tobias was aware that Whitehead's vehicle was in the left lane, but to avoid hitting Ring, Tobias moved his truck partially into the lane occupied by Whitehead. Tobias sideswiped Whitehead's car, and this lawsuit ensued.

■ We first look to see whether we have jurisdiction over this appeal. Whitehead sued Ring, Tobias, and Tobias's employer, MS Carriers, Inc., for negligence. Tobias filed a motion for summary judgment, which the trial court granted. The judgment was signed on July 11, 1997, and was made final on that same date, when the court signed an order severing the suit against Tobias from the suit against Ring. When a severance is ordered, the appellate timetable runs from the signing date of the order that made the severed judgment "final" and appealable. *Martinez v. Humble Sand & Gravel, Inc.*, 875 S.W.2d 311 (Tex.1994). Accordingly, because a timely motion for new trial was filed, the time for filing a notice of appeal from the final judgment would have expired ninety days later.

However, on September 4, 1997, Whitehead filed a timely motion to reconsider the severance and an amended motion for new trial.[1] Under the authority of Tex.R.

---

1. Tex.R. Civ. P. 329b(b) provides that an amended motion for new trial may be filed without leave of court before any preceding motion for new trial filed by the movant is overruled and within thirty days after the judgment or other order complained of is signed. In this case, the second motion was filed well after the thirty days expired, but

CIV. P. 329b(c), (e), the trial court retained authority over its judgment until thirty days after all timely-filed motions for reconsideration were overruled either by order or as a matter of law. On September 15, 1997, the trial court signed an order granting the motion to reconsider severance, which had the effect of vacating the prior severance order and rejoining the cases. The trial court's vacation of the severance order occurred while it retained plenary power.[2]

■ On October 27, 1998, the trial court signed a second severance order, establishing the finality of the judgment from which Whitehead now appeals. Whitehead's notice of appeal was filed in a timely manner thereafter; therefore, we have jurisdiction over the appeal.

Whitehead contends that the trial court erred by granting summary judgment in favor of Tobias.

■ Summary judgment is proper when the movant establishes that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c);*City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671 (Tex.1979); *Baubles & Beads v. Louis Vuitton, S.A.*, 766 S.W.2d 377 (Tex.App.-Texarkana 1989, no writ). The question on appeal is not whether the summary judgment proof raises a fact issue with reference to the essential elements of the plaintiff's cause of action, but whether the summary judgment proof establishes that the movant is entitled to summary judgment as a matter of law. *Gonzalez v. Mission American Ins. Co.*, 795 S.W.2d 734, 736 (Tex.1990). Because the movant bears the burden of proof, all conflicts in the evidence are disregarded, evidence favorable to the nonmovant is taken as true, and all doubts as to a genuine issue of material fact are resolved in favor of the

nonmovant. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546 (Tex.1985).

■ A defendant who moves for summary judgment must demonstrate that at least one essential element of the plaintiff's cause of action has been disproved as a matter of law. *Hammonds v. Thomas*, 770 S.W.2d 1 (Tex.App.-Texarkana 1989, no writ). Once the defendant has negated an essential element of the plaintiff's cause of action, the burden then shifts to the plaintiff to produce evidence of probative force raising an issue of fact as to the element negated. *Goldberg v. U.S. Shoe Corp.*, 775 S.W.2d 751, 752 (Tex.App.-Houston [1st Dist.] 1989, writ denied).

■ Negligence has three elements: 1) a legal duty owed by one person to another to protect the latter against injury; 2) a breach of that duty; and 3) damages proximately resulting from the breach. *Praesel v. Johnson*, 967 S.W.2d 391 (Tex.1998); *Firestone Steel Products v. Barajas*, 927 S.W.2d 608 (Tex.1996). Every person has a duty to exercise reasonable care to avoid a foreseeable risk of injury to others. *El Chico Corp. v. Poole*, 732 S.W.2d 306, 311 (Tex.1987). The question for us to determine is whether Tobias provided conclusive proof that he did not breach that duty.

■ In determining whether a duty exists, we consider the risk, foreseeability, and likelihood of injury, and weigh these factors against the social utility of the actor's conduct, the burden of guarding against the injury, and the consequences of placing that burden on the defendant. *Bird v. W.C.W.*, 868 S.W.2d 767, 769 (Tex. 1994). Foremost and dominant among these considerations is foreseeability of the risk. *El Chico Corp.*, 732 S.W.2d at 311; *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex.1983). Where a risk of injury becomes foreseeable because of

---

during the period the court retained plenary power over its judgment.

**2.** The motions would have been overruled by operation of law on September 24, 1997, the

seventy-fifth day after the July 11 judgment; the trial court could have retained plenary power for up to thirty days after they were overruled.

surrounding circumstances and facts, negligence can result in failing to address misconduct. *See Nixon*, 690 S.W.2d at 550. If a reason to anticipate injury is not established, then no duty arises to act to prevent such an unanticipated injury. *Lawson v. B Four Corp.*, 888 S.W.2d 31, 34 (Tex.App.-Houston [1st Dist.] 1994, writ denied).

In the present case, Whitehead contends that Tobias was negligent in not applying his brakes as soon as he saw Ring on the entrance ramp (approximately 200 yards before merging), but instead braking only when he realized that Ring was not going to yield. Summary judgment evidence was offered from Tobias's deposition concerning the occurrence in question as follows:

> A About 200 yards before I got to the point to where the entrance ramp actually comes on 80, you know, I felt, you know, that this guy was gonna try to beat me on the interstate anyway, but there was nothing I could do. I mean, I couldn't slow down; I couldn't speed up. So the only thing I could do was just hope, you know, that he would make up his mind, or a decision, just to wait and let me get by before he try [sic] to get on, but he didn't, you know. My intentions [sic] is that, you know, he was gonna try to beat me to the point to where the entrance came on 80 to try to get in front of me anyway; seem like, you know, this [sic] the only chance I got to get out in front of this traffic, so I'm gonna try to beat this big truck out.

Tobias went on to testify that he did not let up on his accelerator or softly apply his brakes at that time. He further testified that there was nothing that he could have avoided the collision. However, he did not offer any summary judgment proof as to why he could not have avoided the collision. This was a fact question for the jury to decide under a reasonable-prudent-person standard.

This summary judgment evidence shows that Tobias was keeping a lookout, and

there is a fact question as to whether he was alerted to the danger of a collision at a time when he could have taken evasive actions to avoid the accident. Tobias's own testimony is evidence that he anticipated within 200 yards before the merging that Ring was not going to yield. It would be up to the jury to make an interpretation of Tobias's testimony. He used the term *felt* in describing what he felt when he saw the car get to the point of the entrance ramp. The verb felt is the past tense of the verb feel and can be interpreted to mean *believe* or *think* or *to have a marked sentiment or opinion,* among other meanings. *See* MERRIAM WEBSTER'S COLLEGIATE DICTIONARY 427 (10th ed.1993). Because this is a summary judgment, the inference from this language is interpreted in favor of the nonmovant; thus showing that Tobias anticipated Ring's unlawful conduct in failure to yield the right-of-way.

■ Although Ring admitted in his affidavit that he was culpable in making his entrance onto the highway, and he violated the law by failing to comply with the yield sign,[3] Ring's culpability does not disprove Tobias's culpability. Both Tobias and Ring could have been culpable.

Viewing all doubts as to the genuine issue of material fact in favor of the nonmovant, we find that the summary judgment proof does not establish that the movant is entitled to a summary judgment as a matter of law. There exists a genuine issue of material fact as to whether Tobias was negligent in failing to act to prevent the alleged injuries.

The judgment is reversed and remanded to the trial court.

## ON REHEARING

■ In their motion for rehearing, Tobias and M.S. Carriers urge that Ring's conduct was the proximate cause of the occurrence in question as a matter of law. Under the summary judgment proof, Ring's conduct was a proximate cause of

---

3. TEX. TRANSP. CODE ANN. § 544.004 (Vernon 1999).

the occurrence. However, there can be more than one proximate cause of an occurrence. The summary judgment proof does not show as a matter of law that Ring's conduct was the sole proximate cause of the occurrence in question. Proximate cause is generally a question of fact for the jury to determine, but may, under limited circumstances, be a question of law where evidence is without a material dispute and where only one reasonable inference may be drawn therefrom. *Rodriguez v. Moerbe,* 963 S.W.2d 808 (Tex.App.-San Anontio 1998, pet. denied).

 We recognize that a motorist is not required to react in abstract anticipation of the negligence or unlawful act of another. *McCall v. Williams,* 311 S.W.2d 743 (Tex.Civ.App.Austin 1958, writ ref'd n.r.e). We also recognize that a motorist has the right to assume that an approaching motorist will abide by the traffic laws. *Clifton v. Wilson Indus., Inc.,* 589 S.W.2d 498 (Tex.Civ.App.-Texarkana 1979, writ ref'd n.r.e.). However, in the present case, the testimony of Tobias made it clear that the speed at which Ring was entering on the ramp made him anticipate that Ring would not yield the right-of-way.

Tobias submitted three cases setting aside jury findings on proximate cause. In *Bodine v. Welder's,* 520 S.W.2d 407 (Tex. Civ.App.-Corpus Christi 1975, writ ref'd n.r.e.), the court determined that a driver's failure to keep a proper lookout was not a proximate cause of a collision because at the time he would have seen the oncoming vehicle, there would not have been an opportunity to take evasive action to avoid the accident. In *Taylor v. Brooks,* 392 S.W.2d 878 (Tex.Civ.App.-Waco 1965, writ ref'd n.r.e.), the court found that no causal relation existed between a driver's failure to keep a proper lookout and the collision. In *Pittman v. Licerio,* 496 S.W.2d 676 (Tex.Civ.App.-Corpus Christi 1973, no writ), the court found the jury's findings on proximate cause contrary to the great weight and preponderance of the evidence because the driver did not fail to see something that would have alerted her to the danger that the defendant might either run a stop sign or, having stopped, proceeded on into the intersection.

 The present case was not a failure to keep a proper lookout because, as indicated by Tobias's testimony, he saw Ring's car at an early point. The issue for the jury is whether Tobias anticipated that Ring would fail to yield right-of-way and, if so, could his action have prevented the occurrence in question.

This is a summary judgment proceeding. We are not making a determination that Tobias was negligent or that his failure to act was a proximate cause of the occurrence in question. We are only making a determination that there was some evidence that he did anticipate Ring's failure to yield the right-of-way at a time prior to the accident. Whether this was negligence and whether it was proximate cause is a fact issue for a jury.